. Reynolds vs. Reynolds et al.

## No. 10,863.

MRS. MARY REYNOLDS, WIFE, ETC., VS. WM. H. REYNOLDS ET AL..

1. The right of co-owners of property to demand a partition thereof is absolute ; and where the co-ownership is admitted, appeal does not lie from a simple decree of partition.
2. When, besides admitting co-ownership, the parties have consented to the method and terms of partition fixed in the decree, they have nothing left subject to appeal.

APPEAL from the Civil District Court, Parish of Orleans.
Rightor, J.

Joseph Brewer, G. L. Hall and Farrar, Jonas & Kruttschnitt for Plaintiffs and Appellees.

A. L. Tissot and E. J. Méral for Defendants and Appellants.

The opinion of the court was delivered by

FENNER, J.   The motion is based on two grounds, viz. :

1. That the judgments are interlocutory, and not, in their nature, appealable.

2. That they were rendered by consent of appellants.

The record discloses a simple suit for partition, by one owner against her co-owners, of certain designated property held in common between them.   The answers of defendants admit the fact of co-ownership, and two of them being minors, their tutor prayed that, in case of a decree for partition by licitation or sale, the right be reserved to a family meeting on behalf of his wards, to advise as to terms and conditions of sale.

A decree of partition by licitation was rendered, reserving the fixing of the terms and conditions until after the convocation of a family meeting in behalf of the minors.   After the rendition of this decree, the minors were duly emancipated, and thereupon a rule was taken on defendants to show cause why the terms of sale should not be fixed by the court.   On this rule judgment was rendered, which recites that it was made "upon the consent of all parties given, or e tenus, in open court," and which orders that the sale " be made for cash to the highest bidder, and the judgment on this rule do stand as supplementary to the said judgment and decree of March 19, 1891."

State ex rel. Baker vs. Judge.

From the two judgments the defendants appeal.

What standing have they in this court?    Plaintiff's co-ownership being admitted, her right to demand a partition was absolute.   C. C. 1289.   It was long since held that appeal did not lie from a simple decree of partition between co-owners.   Stokes vs. Stokes, 6 Mart. N. S. 350.

If the case involved a controversy as to the fact of co-ownership, or as to the mode of partition, possibly, under some circumstances, appeal might lie.   But where, as in this case, the co-ownership is admitted, and when the method and terms are settled by consent of all, it seems very clear there can be no room for appeal.

The appellants have favored us with no defence of their position, and we see none.

Appeal dismissed.  _____