(42 South. 197.)

No. 16,056.

Succession of KRANZ.

(Oct. 15, 1906. Rehearing Denied Nov. 12, 1906.)

1. TRIAL—ALLOTMENT OF CASE—WAIVER.

Whilst the allotment of a case in the civil district court may be waived, such waiver is not compulsory, and any litigant has the right to invoke the Constitution and the rules of the court, to the end that his case (unless it be included among the exceptions contemplated by the Constitution) be allotted.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, § 21.]

2. EXECUTORS—MANAGEMENT OF ESTATE—JURISDICTION OF COURTS.

A person occupying the position of executrix, who in her individual capacity holds and claims as owner, under a conveyance from her testator, property which is claimed by a coheir as belonging to the succession under administration, has the right to demand that any attack on her title be made by means of a direct and independent action, regularly docketed and allotted, and her objection, made in limine, that such action has been begun in the succession, without allotment, is properly sustained.

Nicholls and Provosty, JJ., dissenting.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; John St. Paul, Judge.

In the matter of the succession of Helen Krantz, widow of Charles Englund. From an order dismissing petition of Mrs. Duncan, she appeals. Affirmed.

See 39 South. 594, 115 La. 545.

William Sommer Benedict, for appellant. Buck, Walsh & Buck, for appellee.

Statement of the Case.

MONROE, J. Mrs. (Widow) Charles Englund died in January, 1905, leaving as her sole heirs her two daughters, Mrs. Reinhard and Mrs. Duncan, to whom she bequeathed her estate in the proportion of three-fourths to Mrs. Reinhard and one-fourth to Mrs. Duncan; and Mrs. Reinhard, who was appointed executrix, having opened the succession and caused an inventory to be made, Mrs. Duncan appeared in the proceeding, first by rule, and then by petition, alleging:

"That the succession of the deceased embraced an interest in the business conducted by her deceased son, Wm. F. Englund, at Nos. 1414–1416 South Rampart street, in the city of New Orleans, and that there appears to be an act of sale, dated the 26th day of June, 1903, of the disposal thereof to the executrix for the nominal sum of $8,000, of which there is purported to have been paid $500 in cash, a note of $1,500 payable in one year, and three notes, of $2,000 each, payable in two, three, and four years after date, as for the purchase price thereof (without interest whatsoever and without security), and that in said act of said sale no consideration whatsoever passed of and relative thereto; that no money was paid thereon, and that indorsements apparent upon the second year note, produced as being payments on account, are null and void; and that the same was and is a simulation."

There were further allegations to the effect that the interest thus referred to, with the revenue derived therefrom, from the date of the death of Wm. F. Englund, had not been included in the inventory, and the appearer prayed that said inventory be held to be deficient and ordered to be amended accordingly.

The first proceeding (by rule) was dismissed, in the following language:

"It is ordered that the exception of the executrix to the form of the proceeding be maintained, and that the said rule be dismissed, reserving, however, to mover the right to claim by direct action all that she claims in her rule herein filed."

On the following day the appearer filed her petition, reiterating, substantially, the allegations of the rule, but praying relief only as against Mrs. Reinhard individually, which petition was dismissed as disclosing no cause of action; the court having in the meantime rendered judgment rescinding an order which had been made requiring the executrix to give bond. From the two judgments last mentioned an appeal was taken to this court, where said judgments were affirmed. Thereafter Mrs. Duncan filed another petition (in the succession proceeding), in which she seeks, as against Mrs. Reinhard, individually and as executrix, practically the same relief which had thus been denied her. Referring to the alleged sale by Mrs. Englund of her inherited interest in the estate of Wm. F. Englund, the petition alleges:

"That the sale is, and was, a donation in disguise, or a simulation, and in fraud of law, and in fraud of the rights of your petitioner, and to her great loss and injury."

The prayer reads:

"That the said Marie Antoinette Englund, wife of John Reinhard, and her said husband to authorize her, and in her capacity as testamentary executrix of the estate of Helen Kranz, widow of Charles Englund, be cited to appear and answer herein, and, after due proceedings had, that there be judgment in favor of your petitioner, ordering an accounting to be made by said defendants of all and singular the matter and things hereinabove set forth, and that, after due hearing and accounting, they be ordered to pay over to your petitioner one-fourth of the gross value found to be the estate of the said Mrs. Widow Charles Englund, together with legal interest from the date of the death of the said Mrs. Widow Charles Englund."

To this petition Mrs. Reinhard, individually, excepted:

"First. That division C of this court has no jurisdiction of this cause, in so far as exceptor is concerned; the suit being an independent suit and not allotted as required by the rules of court.

"Second. That the said petitioner cannot proceed in the manner and form attempted, and as to the matter set forth, in the said petition, as has been held by the Supreme Court. * * *

"Third. That the said petition sets forth no legal cause of action."

In her capacity as executrix she excepted to the petition on the two grounds last above stated, and thereafter she ruled Mrs. Duncan to show cause why her opposition should not be dismissed (the account having been otherwise homologated), on the ground that the matter set up was res judicata and that the opposition disclosed no cause of action. After hearing, there was judgment dismissing both petition and opposition, without prejudice to Mrs. Duncan's right, otherwise, to assert her claim, and from the judgment so rendered Mrs. Duncan has appealed.

### Opinion.

The issue which the petition and opposition of Mrs. Duncan seek to present is whether certain property, held by Mrs. Reinhard and claimed as her own under a conveyance from Mrs. Englund, really belongs to her, or whether it belongs to the succession of Mrs. Englund, of whom she is the executrix. Assigning his reasons for the judgment appealed from, the learned judge a quo says, in substance, that the fact that Mrs. Reinhard happens to be the executrix of Mrs. Englund does not deprive her of any right quoad the title to the property in question which a third person might exercise, and that a third person, in possession of and asserting title to the

property, would have the right to demand that any attack upon such title should be made by means of an independent action, docketed and allotted, and which, if he so desired, could be tried by a jury. And this appears to us to be conclusive.

It is true that, as the civil district court is constituted, it has jurisdiction to try the issue in question, and that, if that issue had been met without objection and disposed of in the succession proceeding, the action so taken would not have been undone for any lack of jurisdiction in the court.

The Constitution, however, provides (article 134) that "all cases, after being filed in said civil district court, shall be allotted or assigned among the judges thereof"; and, whilst the allotment may be waived (State ex rel. Buisson v. Lazarus, Judge, 33 La. Ann. 1425), such waiver is not compulsory, and any litigant has the right to invoke the foregoing provision of the Constitution, and the rules of court adopted pursuant thereto, to the end that his case (unless included among the exceptions contained in succeeding provisions of the same article of the Constitution) be allotted, and, this having been done by Mrs. Reinhard, the trial judge had no alternative but to apply the law and the rules so invoked.

The judgment appealed from is accordingly affirmed.

NICHOLLS and PROVOSTY, JJ., dissent.