(46 South. 600.)

No. 16,951.

KREMER et al. v. KREMER.

(Feb. 3, 1908. On the Merits, April 27, 1908.)

1. APPEAL—DISMISSAL—GROUNDS OF — WANT OF ACTUAL CONTROVERSY—CONTROVERSY REMAINING.

The parties to the partition have not admitted that all those who claim as heirs have an actual interest.

2. SAME — DISAGREEMENT ABOUT METHODS AND TERMS.

The parties do not agree as to the mode of the partition, nor as relates to terms.

3. SAME—JURISDICTION.

There remains an issue to be determined on appeal, sufficiently made out to justify the court in declining to dismiss the appeal.

4. SAME—NOT ADMITTED AS MERE DECREE OF PARTITION AMONG CO-OWNERS.

There is no consent among the parties as can be of avail in matter of jurisdiction on appeal.

On the Merits.

5. HUSBAND AND WIFE—COMMUNITY PROPERTY—ADMINISTRATION.

Nicholas Kremer died after his wife. His estate consisted entirely of community property. At his death the community owed debts. The affairs of that community had never been settled or liquidated. The heirs of both husband and wife were the children, issue of their marriage. One of the sons was appointed and confirmed as administrator of his succession. In that capacity he was charged with the administration and settlement of the entire estate of the deceased, including therein the community property and affairs. The administration of the succession of the husband under such circumstances carried with it the administration and settlement of the wife's interest in the community. Having been appointed administrator of the husband, he can by no acts of his own divest himself of the administration of the entire property and relieve himself from liability therefor. There is no occasion for his seeking to obtain a division of the property into two parts, one-half belonging to the wife's heirs, in order to settle the community. His duty and powers as administrator authorized him under orders of the court to sell at probate sale so much of the property as was required to pay debts. So long

as there are debts of the community unpaid, the heirs of the wife have no right, and the administrator has no authority, to turn over the property to the heirs for partition among themselves, and the court should not give its sanction to this being done.

6. COURTS—ALLOTMENT OF CASES TO DIFFERENT DIVISIONS OF DISTRICT COURT—CONSTITUTIONAL PROVISIONS.

The precise scope and effect of article 134 of the Constitution of 1898 touching the allotment of cases to the different divisions of the civil district court for the parish of Orleans have given rise to much controversy, and the decisions of this court have turned to a great degree upon the exact stage which the proceedings had reached when objections to the same were advanced, and to a consideration of the results, injurious or harmless, to parties which would flow from too rigid an application of the provisions of that article. .The court has, however, recognized that those provisions will be enforced when objections to a departure therefrom are timely made, as they were in this instance.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; George Henry Théard, Judge,

Action for partition by Michael Kremer, administrator of the succession of Nicholas Kremer, and on behalf of himself and of his coheirs, against Lizzie Kremer. Judgment for plaintiffs, and defendant appeals, and plaintiffs move to dismiss the appeal. Motion overruled, and judgment reversed and rendered.

Carroll, Henderson & Carroll, for appellant. Nicholas Eugène Humphrey and Leon Valsin Guillotte, for appellee intervener. Meyer Samuel Dreifus, for other appellees.

On Motion to Dismiss the Appeal.

BREAUX, C. J. The grounds of the motion filed by plaintiffs and appellees are that the judgment decrees the partition of property of which the ownership, it is averred, is admitted by the parties; and, further, the contention is that this court has decreed that no appeal lies from such a judgment, as it causes no irreparable injury; and, besides, that the parties have an absolute right to a partition.

We take up for decision the first ground of the motion; that is, in effect, that the parties have agreed to the judgment of partition.

We do not find that the parties have by their pleadings or by special agreement expressed consent to the judgment rendered, or that they have so pleaded as to show that they no longer can appeal. The record as made up shows that there are issues between the parties. We can best dispose of the question by referring to the record, in which we find that the late Mrs. Anna Maria Gartner, wife of Nicholas Kremer, died in April, 1904, leaving paraphernal and community property as per inventory to an amount within the jurisdiction of this court. Her husband opened the succession, and in addition qualified as tutor of Joseph C. Kremer, one of their children.

In the year 1907 Nicholas Kremer, husband of Anna Maria Gartner, died. His succession was opened, and Michael Kremer, his son, was appointed administrator.

An inventory was taken, showing, as per this inventory, that all of the property belonged to the community which had existed between him, Nicholas Kremer, and his predeceased wife.

A few months after Michael Kremer, as one of the heirs of Nicholas Kremer, joined by other heirs of said Nicholas Kremer, brought suit against one of his heirs, to wit, Mrs. Marshall, for a partition of the community property.

We state as in place here, and as forming a part of the statement of the case, that Valentine Kremer, one of the heirs of age of Nicholas Kremer and wife, died in January, 1907. The succession was opened. The widow of Valentine Kremer applied to the court and was confirmed as natural tutrix of Augustine Kremer. She intervened in the partition proceedings alleging that her ward had an interest as an heir and was a necessary party to the partition.

The defendant, in her answer to the intervention, denied the rights of the intervener.

The court decided in favor of the intervener and against defendant, and ordered a partition to be made.

The issues preclude the idea of consent to a partition to be made in the manner proposed by plaintiffs.

The defendant in the district court pleaded the exception of no cause of action and prematurity, that make up an issue which we cannot overlook in matter of jurisdiction.

The defendant denies that she accepted the community, and urges that a partition cannot be made as proposed as relates to the community.

We have seen that there was an intervener who claims as an heir.

The defendant controverted in her answer to the intervention the right of the intervener to become a party to the partition, and denied her heirship.

The judge of the district court sustained the demand of the intervener, and decided against defendant's position in this respect.

The right to an appeal is all that is involved before us at this time, and it follows that the issues can be considered only with reference to that right.

The decision confidently cited by the appellees to sustain their grounds is not pertinent, for it decides that, there being no issues left for the appeal, it would be doing a vain thing to allow the appeal.

That is not the case here. But, not to leave at this time the cited case, we quote from it:

"If the case involved a controversy as to the fact of ownership, or as to the mode of partition, possibly under some circumstances an appeal might lie." Reynolds v. Reynolds, 43 La. Ann. 1118, 10 South. 303.

In the case here there is a controversy as to the fact of co-ownership as to one of the alleged owners, and there is controversy about the mode of partition, and there are circumstances rendering it proper not to dismiss the appeal on the motion presented.

The other decisions cited by appellees in support of their motion are equally as inapplicable.

It only remains for us to overrule the motion.

It is overruled.

### On the Merits.

NICHOLLS, J. This suit is brought by Michael Kremer, administrator of the succession of Nicholas Kremer, and individually, with four others, in division E of the civil district court.

Petitioners allege that they own (individually and as fiduciary), jointly with Lizzie Kremer, wife of Alphonse Marshall, as heirs of their deceased parents, Anna Maria Gartner, wife of Nicholas Kremer, and of Nicholas Kremer, whose successions were opened in the civil district court under the numbers 73,241 and 81,852 of its docket, certain community property which they described; that they have accepted the succession of their deceased mother, Anna Maria Gartner, as would appear by reference to the proceedings in No. 73,241 of the docket, subject to the legal usufruct in favor of Nicholas Kremer; that Nicholas Kremer subsequently died; that his succession was opened in this honorable court; that Michael Kremer qualified therein as administrator of that succession; and that letters of administration were issued to him upon his complying with the conditions of law.

They further aver: That they were the owners of the above-described property in the following proportions, to wit: Michael Kremer, administrator of the succession of Nicholas Kremer, individually and as such, of one-half of the above-described property; and Michael Kremer, individually, Annie Kremer, Katherine Kremer, Julia Kremer, wife of

George Miller, Josephine Kremer, and Lizzie Kremer, wife of Alphonse Marshall, are the owners of the remaining one-half of said property, in the proportion of one-sixth to each. That they are no longer willing to remain the owners of the above-described property in indivision. That a partition in kind, from the very nature of the property, is impossible. That, therefore, it becomes necessary that said partition should be effected by licitation, and that a sale of the assets is necessary to effect such a partition.

That an inventory was taken by Joseph Sinai, notary public, in the succession of Nicholas Kremer, No. 81,852 of the docket of this honorable court, on the 9th day of March, 1907, and that such is a full and complete inventory of all the property to be partitioned, and that another inventory is unnecessary and expensive, and that the rights of all parties should be determined by the above inventory. That experts should be appointed, however, to determine whether the property is divisible in kind or not. That Lizzie Kremer, wife of Alphonse Marshall, and her said husband, Alphonse Marshall, be cited to appear and answer this petition, and that, after due proceedings had, there by judgment in petitioner's favor and against the said Lizzie Kremer, wife of Alphonse Marshall, and her said husband, Alphonse Marshall, ordering a partition of the above-described property by licitation, by sale to be made at public auction after the legal delays and publication, by Charles Lacoume, auctioneer, and as far as relates to plaintiffs on terms of one-third or more cash, at the option of the purchasers, and the balance in the notes of said purchasers, payable at one and two years from date of adjudication, with 8 per centum interest per annum from date until paid, to be secured by mortgage and vendor's privilege on property sold and the usual security clauses; the acts of sale to be passed before Joseph Sinai, notary public, at purchaser's expense,

the taxes of 1907 to be assumed by said purchaser, and that the parties be referred to Joseph Sinai, notary public, to complete said partition, and for general relief.

On April 4, 1907, the defendant filed an exception to the petition on the ground that the same disclosed no right of action, and no just or valid cause of action. She prayed that plaintiff's suit be dismissed.

Under benefit of this particular exception she further excepted on the grounds: That the same was premature, and no proceedings to effect a partition should be taken at this time. That the property sought to be partitioned belongs to the community of acquets and gains formerly existing between Nicholas Kremer and his wife, Mrs. Anna Maria Gartner, both deceased. That in the matter entitled "Succession of Nicholas Kremer," No. 81,852 on the docket of this honorable court, all the property belonging to said community is under administration, inclusive of that described in the petition herein; one of the plaintiffs herein, Michael Kremer, being administrator of said succession.

That defendants have been informed and aver upon belief that said community owes debts and liabilities for which said community property is responsible and liable.

That defendants have been informed, and aver upon belief, that a part, if not all, of the real property of said community is mortgaged to pay debts incurred by said community, and the said property should be sold, in regular course of administration, to settle and liquidate the debts and liabilities of said community, and that, after such settlement and liquidation, then such balance as shall remain on hand, whether in funds or property, should be divided and partitioned among the parties to this proceeding in the manner provided by law.

In view of the premises, defendants pray that this exception be maintained, and plaintiffs' petition dismissed, and for costs.

These *exceptions were overruled.* On April 25, 1907, defendant answered, pleading the general issue. Further answering, she averred: That the property described in plaintiff's petition belongs to the community of acquets and gains formerly existing between Nicholas Kremer and his wife, Anna Maria Gartner, both deceased. That in the matter entitled "Succession of Nicholas Kremer," No. 81,852 of the docket of this honorable court, all the property belonging to said community is under administration, including that described in the petition herein; one of the plaintiffs herein, Michael Kremer, being administrator of said succession.

That said community owes debts and liabilities, for which said community property is responsible and liable.

That the real property of said community (described in the petition) is mortgaged to pay debts incurred by said community, and is liable for other debts of said community, and that said property should be sold, in regular course of administration, to settle and liquidate the debts and liabilities of said community.

That, after such settlement and liquidation, then such balance as shall remain on hand, whether in funds or property, will belong in equal parts to the six heirs of said deceased, Nicholas Kremer, and his wife, Mrs. Anna Maria Gartner, said six heirs being the defendant, Mrs. Elizabeth Kremer, wife of Alphonse V. Marshall, and the plaintiffs, Michael Kremer, Annie Kremer, Katherine Kremer, Julia Kremer, wife of George Miller, and Josephine Kremer, and that the same should be divided and partitioned among the parties to that proceeding in the manner provided by law, and that the property described in the petition, community property as aforesaid, is under the control and jurisdiction of Hon. W. B. Sommerville, judge of division D of this honorable court, in said matter No. 81,852, entitled "Succession of Nicholas Kremer," and that division E of this honorable court is without power or jurisdiction to take charge or control of said property, or to partition the same, or to cause the same to be sold, in order to effect a partition.

In view of the premises, defendants pray that plaintiffs' demand be rejected, and for costs, and for general relief.

On June 19th Josephine Selhofer filed with leave of court a petition of intervention as natural tutrix of her child, Augustine Kremer. She averred that she was married to Valentine Kremer, son of Nicholas Kremer and his wife, Anna Maria Gartner, in this city, on the 21st day of May, 1894; that the sole and only issue of her said marriage with Valentine Kremer is Augustine Kremer, who was born on August 19, 1896.

Now intervener shows: That she is the duly qualified natural tutrix of her said minor child, as will be more fully shown by reference to the succession of her deceased husband, No. 81,852 of the docket of this honorable court. Intervener further shows that her said child, Augustine Kremer, is the granddaughter of Nicholas Kremer and Anna Maria Gartner, both deceased, and is therefore a forced heir of the said Nicholas Kremer and Anna Maria Gartner.

That the succession of Anna Maria Gartner was duly opened on April 13, 1904, under the number 73,241 of the docket of this court, upon the petition of Nicholas Kremer, and that an inventory of all the property belonging to the community existing between the said Nicholas Kremer and Anna Maria Gartner was duly made by Fred Zengel, a notary public in this city. That the said Nicholas Kremer remained in possession of the property up to his death, which occurred in this city on the 23d day of February, 1907.

That at the death of Nicholas Kremer his son, Michael Kremer, opened his succession, alleging that there were privileged and ordi-

nary debts, and praying to be appointed administrator therein. That, after due proceedings, letters of administration issued to the said Michael Kremer on the 26th day of February, 1907. That an inventory of all the property left by the deceased was taken by Joseph Sinai, a notary public in this city, as will more fully appear by reference to the said succession, No. 81,852 of the docket of this honorable court.

That on the 26th day of March, 1907, Michael Kremer, administrator of the succession of Nicholas Kremer, and Michael Kremer, individually, Annie Kremer, Katherine Kremer, Julia Kremer, wife of George Miller, and Josephine Kremer began the above entitled and numbered suit for a partition against Lizzie Kremer, wife of Alphonse Marshall. Intervener shows: That, notwithstanding that her said minor child, Augustine Kremer, is the forced heir of Anna Maria Gartner, and Nicholas Kremer, her grandparents, now deceased, and the coheir of the party plaintiffs and defendant herein, she has never been made a party hereto, or been cited as the law requires that she should be.

That her minor child has a one-seventh interest in and to all the property of the said succession, by representation of her said deceased father, Valentine Kremer. That, the succession of Nicholas Kremer being under administration, Michael Kremer, one of the plaintiffs in the above entitled and numbered cause, is the administrator thereof. That the said administrator has never filed an account of his administration, notwithstanding that he alleged in his petition for administration that there were debts privileged and ordinary.

That, the administration of the succession of Nicholas Kremer not having been closed, there can be no partition herein. That this matter properly belongs to division D of this honorable court, wherein the succession of Nicholas Kremer is being administered, where in due time, after the debts of the succession of Nicholas Kremer are discharged, the residue of the said succession, whether in funds or property, will belong in equal proportions to plaintiffs, defendant, and your intervener.

In view of the premises intervener prays that she be permitted to file her petition of intervention, that the plaintiffs and defendant herein be duly served with a copy of the same, that after due proceedings had there be judgment in favor of intervener herein dismissing plaintiffs' claim, and for all general and equitable orders of relief.

Plaintiffs answered this petition of intervention. They denied all its allegations. Further answering, they admitted that Valentine Kremer married Josephine Selhofer on the 21st day of May, 1894. They denied that there ever was any issue of the said marriage. They averred that, about eight months after the marriage of Valentine Kremer with his said wife, Josephine Selhofer, they separated and never afterwards lived or cohabited together. They further averred that the birth of the alleged child of Valentine Kremer was never known to him, nor to his said heirs, and that prior to this petition in intervention they had no knowledge that any child would pretend to be the lawful issue of Valentine Kremer; that under the circumstances as above alleged it would have been physically impossible for the said Valentine Kremer to have been the father of the said child; that the said Augustine Selhofer (or Kremer) was not entitled to any portion of the succession of Nicholas Kremer, or of his wife, Anna Maria Gartner.

In view of the premises, they prayed that the demands of Josephine Selhofer, natural tutrix of Augustine Kremer, be rejected, with costs, and for general relief.

On November 25th intervener peremptorily excepted to the exception filed by the plain-

tiffs as to the legitimacy of the minor, Augustine Kremer. She averred that said child was born of and during the marriage of Valentine Kremer and Josephine Selhofer, his wife; that her birth was known to the father, which legitimacy was never questioned during the period allowed by law within which legitimacy of said child could be contested by its father. The child being 11 years of age at the time of the father's death, his heirs are without right to now dispute its legitimacy.

In view of the premises, exceptor prayed that this exception be maintained, and that there be judgment as prayed for in the petition of intervention filed. On November 26th judgment was rendered by the district court recognizing Augustine Kremer as the legitimate daughter of Valentine, Kremer and granddaughter of Nicholas Kremer and Anna Maria Gartner.

The court rendered further judgment decreeing that the property sought to be partitioned was owned in the following proportion:

One undivided half by the succession of Nicholas Kremer.

One undivided fourteenth by Nicholas Kremer.

One undivided fourteenth by Annie Kremer.

One undivided fourteenth by Katherine Kremer.

One undivided fourteenth by Julia Kremer, wife of George Miller.

One undivided fourteenth by Josephine Kremer.

One undivided fourteenth by Lizzie Kremer.

One undivided fourteenth by Augustine Kremer.

It decreed a partition of said property by licitation, the sale to be made at public auction by Lionel M. Ricau, auctioneer, after the legal delays and advertisements, on the following terms: In so far as plaintiffs and defendant are concerned, one-third or more cash at the option of the purchasers, and the balance in notes of said purchasers payable at one and two years from the date of the adjudication, with 8 per cent. per annum interest from date until paid, to be secured by mortgage and vendor's privilege on the property sold and the usual security clauses; and, in so far as relates to the minor, Augustine Kremer, on such terms as shall be determined by a family meeting duly convened for that purpose, the acts of sale to be passed before Bussiere Rouen, notary public, to whom the parties are also referred to complete said partition. Costs of intervention to be paid by plaintiffs; all other costs to be paid by the mass.

The defendant, Lizzie Kremer, wife of Alphonse Marshall, has appealed.

### Opinion.

The petitioners, Michael Kremer, Annie Kremer, Katherine Kremer, Julia Kremer, wife of George Miller, Josephine Kremer, and Lizzie Kremer, wife of Alphonse Marshall, are the children and heirs of Nicholas Kremer and his wife, Anna Maria Gartner. The minor, Augustine Kremer, who is intervener herein, is also an heir of said Nicholas Kremer and wife, being the daughter of their son Valentine Kremer, who is now deceased.

Anna Maria Gartner died before her husband, leaving some separate property and the rights which belonged to her succession by reason of the interest which she had in the community of acquets and gains which had existed between her husband and herself. The husband became the usufructuary of those rights under the act of 1844. The succession of the wife was opened, and her separate property partitioned among her children, leaving unsettled and undisposed of in the hands of her husband her interest in the community property.

The husband died subsequently. His succession and the community owed some debts. His son, Michael Kremer, was appointed and qualified as administrator of his succession. As such the entire property of the succession —that is to say, all the property which he may have owned separately and all of that which belonged to the community—went into his hands for administration. In order to settle the community, it was not proper or necessary for the succession of the wife to be opened for that purpose, that the interest of the husband's succession in that property should be separated from the interest of the wife's succession; the succession of the husband taking one half of the property and paying one half of the debts, while the succession of the wife should take the other half of the property and pay the other half of the debts. The settlement of the husband's succession carried with it that of the community. That proposition is not open to discussion. It has been announced in decisions of the Supreme Court running as far back certainly as Succession of McLean, 12 La. Ann. 223, which decision has been affirmed many times since. Durham v. Williams, 32 La. Ann. 163; Succession of Cason, 32 La. Ann. 790; Succession of McCan, 49 La. Ann. 968, 22 South. 225, and authorities there cited; Succession of Dumestre, 42 La. Ann. 413, 7 South. 624. A different course would give rise to great and useless expense, as well as lead to innumerable difficulties. Ziegler v. His Creditors, 49 La. Ann. 176, 21 South. 666. The heirs of the wife have repeatedly, but unsuccessfully, sought to take the community property out of the control and administration of the husband while living, by opening the wife's succession and placing it under administration, and having the community settled in that succession; and matters in that respect are not altered by the death of the husband.

The community has to be settled as an entirety inside of the succession of the husband, through a settlement of its debts by the administrator of that succession. There is no occasion for his seeking to obtain a division of the property into two parts to effect that result. His duty and powers as administrator authorize him to sell at probate sale, under an order obtained from the court on proper showing, so much of the property as required for that purpose. Having been confirmed as administrator of the succession of Nicholas Kremer, he cannot by any act of his divest himself of the administration of the entire property of that succession and responsibility for the same. He is not entitled simply as administrator to provoke a partition of the succession among the heirs. In this instance he is not only administrator, but he is himself one of the heirs, and is seeking in this double capacity in this proceeding, joined by all the heirs but the defendant, to bring about a partition. The suit is really one for partition, brought by all of the heirs of Kremer but one against the remaining heirs, joining with them as coplaintiff the administrator of the succession of Kremer.

Nothing is said in the petition of the existence of debts, or of the payment of debts.

It is shown that there is a debt due by the succession secured by a mortgage upon some part of its property. It does not appear whether the debt is due or not, or, if not due, when it is payable; nor does it appear upon what property the mortgage rests. It is not shown that the creditors have been in any manner informed of the present proceedings or consulted about the terms of the proposed sale. It does not appear that the terms of the proposed sale are in accordance with their wishes or their rights. The question submitted to us is not whether the heirs of a succession have the right (where, there being creditors, they have raised no objections) to take possession of the property and partition it among themselves, but whether, after the succession has

once been in fact placed in the hands of an administrator and there are debts still unpaid, the administrator can consent to a partition by the heirs and join them in bringing about the partition without seeing that the debts have been paid, or whether the heirs have the right to partition a succession when the succession is under administration in the hands of an administrator and there are outstanding debts. In the matter of Byrnes v. Byrnes, 115 La. 275, 38 South. 991, we referred to the fact that for the placing of a succession under administration in the hands of an administrator it is not necessary that the succession should owe debts, as it is sometimes required by law to be placed under administration without debts. Article 1047 of the Civil Code requires, if some of the heirs have accepted a succession unconditionally and others under benefit of inventory, that the judge shall notwithstanding order an inventory to be made and appoint an administrator to manage them until a partition is made; while article 1058 provides that the said administrator shall proceed to the sale of the property of the succession and to the settlement of its affairs as prescribed in the following articles, and the beneficiary heir shall at the time of such settlement have the right to be paid as any other creditor all debts due him by the deceased, and shall, moreover, be entitled to the balance of the proceeds of the sale of the estate, if any such balance is left after paying all the debts and charges of the succession.

Article 1012 of the Revised Civil Code provides that, in obtaining possession of the effects of a succession, the heirs shall not be permitted under any pretense whatever to have an actual delivery of any property which may be in suit, or to receive any money of such succession when there shall be claims pending therein pending in court, unless they previously give bond with good and sufficient security, if the plaintiffs in such suit require it, which security shall be one-fourth over and above the amount of the claims or money thus claimed, or of the appraised value of the property in such suit which estimate shall be made by two appraisers appointed by the judge.

There is no property of this succession in suit in this succession, nor any claims pending in court, and no creditors have required the giving of bond. When there are no debts due by a succession which has been placed under administration by reason of affairs being in the situation referred to in article 1047 of the Civil Code, the lawmaker evidently contemplated that a partition of the succession pending the administration could be made; for the administrator is directed to hold and manage the property until the partition be made. Where, however, there are debts, we think the lawmaker contemplated that the succession should be entirely settled by the administrator and the property only turned over afterwards to the heirs for partition.

We think the administrator is authorized to turn over the property to the heirs for partition under order of the court, on showing to it that payment of all the debts of the succession have been protected.

We think the judgment of the district court, appealed from, should not stand under the condition of things disclosed by the record. We are by no means satisfied that the rights of the creditors have been safeguarded as they should be. The terms of the proposed sale are not shown to accord either with their wishes or their rights. The heirs or the administrator cannot ignore them. The court had no legal right to fix the terms of the sale, as it did so far as defendant's interest in the property was concerned. Defendant contends that the judge of division E was without authority to take cognizance of the case; that the succession of Kremer was allotted to division D, and the settlement of the same should be made by the ad-

ministrator under the orders of the judge of that division; that the administrator had no authority pending the settlement to leave that division and take part in judicial proceedings relative to the succession in division E. The precise scope and effect of article 134 of the Constitution touching the allotment of cases to the different divisions of the civil district court has given rise to much controversy, and the decisions of this court on the subject have turned to a great degree upon the exact stage which the pending proceedings had reached when objection to the same was made, and to a consideration of the results, injurious or harmless, to parties which would flow from giving too rigid an application to the provisions of that article. The subject was discussed at some length in Byrnes v. Byrnes, 115 La. 275, 38 South. 991; the views of the court, even under the circumstances of that case, being very divergent. The court has recognized that, when the objections urged were timely made, they should be sustained. Succession of Kranz, 117 La. 651, 42 South. 197. They were so made in this instance.

For the reasons herein assigned, it is hereby ordered, adjudged, and decreed that the judgment appealed from be, and the same is hereby, annulled, avoided, and reversed, and that there be judgment in favor of the defendant, and against plaintiffs, dismissing their demand as of nonsuit. Costs of the district court and of the Supreme Court to be paid by the plaintiffs and appellees.