HOOD, Judge.
This is an action for the partition by licitation of a tract of land in Evangeline Parish. The suit was instituted by the Administrator of the Succession of Antoine J. Fontenot, deceased, against Oline Demaret. Plaintiff alleges that the succession and the defendant are owners in indivisión of the property sought to be partitioned, that a •dispute exists as to their respective interests in such property, and that the succession “wishes to partition the property which is not divisible in kind.”
Defendant filed exceptions of vagueness, ■of prematurity, and of no right or cause of action, all of which exceptions were overruled by the trial court. An answer also was filed by the defendant, and after trial judgment was rendered by the trial court in favor of plaintiff, ordering that the property be partitioned by licitation. Defendant has appealed.
Defendant contends, first, that the trial judge erred in overruling the exceptions. The exception of vagueness is based on allegations that “plaintiff’s petition is too vague, general and indefinite to be properly answered.” Our review of the petition convinces us that it has been drafted in compliance with the requirements of LSA-C.C.P. Articles 854 and 855, and that the allegations contained in it were adequate to apprise the defendant of the facts which were to be proved and to enable her to prepare her defense. In our opinion, the trial judge correctly overruled the exception of vagueness. See City of Gretna v. Gulf Distilling Corporation, 207 La. 719, 21 So.2d 884; and Merrimack Mutual Insurance Company v. Sears, Roebuck and Company, La.App. 2 Cir., 128 So.2d 239.
The exception of prematurity is based on the contention that plaintiff is not entitled to maintain an action for partition until “it is determined with certainty the extent of the interests of the parties.” Defendant argues that if plaintiff “wishes to contest defendant’s interest” he should get a “court determination” before instituting the partition suit.
Plaintiff alleges that the succession and the defendant “are owners in indivisión” of the property, and he sets out in the petition the transaction by which each acquired an interest in that tract. He does not allege the exact interest which the succession owns in such property. He avers that “a dispute exists about the extent of the parties’ interests in the said property, and petitioner suggests that this dispute can best be resolved by referring the controversy to the proceeds of the sale.”
The defendant filed an answer admitting that she and the succession are owners in indivisión of the property, and affirmatively alleging that she owns an undivided one-half interest in that tract. Also, counsel for both parties stipulated “that for the *863 purposes of the instant matter, the Succession of Antoine J. Fontenot is the owner of one-half of said property and Oline De-maret is the owner of the other half, but that each party reserves the right to contest these interests at a future time.”
The pleadings and the record indicate, therefore, that the plaintiff succession is the owner of an undivided interest in the property. Although the defendant alleges that she owns an undivided one-half of such property, she does not dispute the succession’s claim of ownership of the other undivided one-half interest in it. The defendant argues that since plaintiff has alleged that a dispute exists as to the interest which each party has in and to the property, he should be required to have the exact ownership of each party determined by a judgment of court before being permitted to maintain this partition suit. We cannot agree with that argument.
In Washington v. Palmer, La.App. 2 Cir., 28 So.2d 509, (reversed on other grounds, 213 La. 79, 34 So.2d 382), our brothers of the Second Circuit Court of Appeal appropriately stated:
“It appears to us to be settled beyond any further question that a party alleging the ownership of an undivided interest in lands is entitled to proceed by an action of partition as a matter of right. A defense of lack of interest on the part of a plaintiff may, of course, always be set up by a defendant, but such a defense should not in itself relegate a plaintiff to the petitory action when the same purpose can as well and as expeditiously be accomplished through a proceeding for partition. Certainly, there is nothing in a demand for a partition which is inconsistent with the claim of title. On the contrary, the allegation of ownership of an interest is fundamental and essential to an action of partition. It has been often held that the question of title may be put at issue in a suit for partition. * ?|c :J< H
And, in Norah v. Crawford, 218 La. 433, 49 So.2d 751, our Supreme Court said:
“The allegation of ownership of an interest is fundamental and essential to an action of partition. It often has been held that the question of title may be put at issue in a suit for partition. * * * ”
We think it is essential to an action for partition that the plaintiff allege that he is the owner of an undivided interest in the property, but we do not think it is necessary that he allege the exact interest which he owns. In such an action, where plaintiff alleges and the defendant admits that plaintiff owns some undivided interest in the property and it is conceded that the partition must be by licitation, we believe it is not necessary or required that a judicial determination of the exact interest which each party owns in the property be made before an action for partition may be maintained by one of those parties.
In the instant suit, plaintiff has adequately alleged that the succession owns an undivided interest in the subject property. The defendant does not deny that the succession owns some interest in such property. On the contrary, she has stipulated for the purposes of the suit that it owns a substantial interest in that tract. We are unable to agree with defendant’s argument that the stipulation of counsel should not be considered because it was entered into after the trial judge had overruled the exception of prematurity.
We conclude that since the pleadings and the stipulation of counsel indicate that the succession owns an undivided interest in the property and that the partition must be by licitation, plaintiff is entitled to maintain this action for partition, even though he does not allege the exact interest which the succession owns in the property. We find no error in the judgment of the trial court overruling the exception of prematurity.
Defendant bases its exceptions of no right or cause of action partially on the *864 ground that the petition contains no allegation to the effect that the succession does not wish to remain as owner in indivisión with the defendant, and that plaintiff has failed to allege a reason for desiring a partition by licitation.
We have been referred to no authority which requires that the plaintiff in a partition suit allege specifically that he does not wish to remain as an owner in in-división with the other undivided owners, or that he allege a reason why he desires ■a partition. The right of a co-owner to demand a partition of the property which he holds in common with another is absolute. R.C.C. Article 1289; Dipuma v. Anselmo, La.App. 1 Cir., 137 So.2d 76; Kelly v. Kelleher, 186 La. 51, 171 So. 569. Every pleading is to be so construed as to do substantial justice, and the courts of this state do not favor technical objections and harsh rules •of pleadings. LSA-C.C.P. Article 865.
In the instant suit, plaintiff alleges that the succession “wishes to partition” the property. We think that allegation is sufficient to show that the succession does not wish to remain as an owner in indivi-sión with the defendant. Since plaintiff, as the legal representative of the succession, has an absolute right to demand a partition, it is not necessary for him t.o allege a reason for making such a demand. Insofar as the •exceptions of no right or cause of action are based on these grounds, therefore, the trial judge correctly overruled such exceptions.
The sole remaining ground on which the exceptions of no right or cause of action are based is that a partition of this succession, which has some outstanding debts, cannot be made pending its administration. This presents substantially the same issues as are presented on the merits, so we will consider that question along with the issues raised on the merits of the case.
At the trial it was stipulated that plaintiff is the duly qualified administrator of the Succession of Antoine J. Fontenot, that the administrator has not been discharged and the succession has not been closed, that the estate “has debts to pay,” and that the property is not divisible in kind, but has to be divided by licitation.
Defendant argues that there cannot be a partition by licitation while the succession is in the hands of an administrator and there are unpaid debts due by the estate. In support of that argument, he’ refers us to Huckaby v. Huckaby, 134 La. 107, 63 So. 755; Succession of Manion, 143 La. 799, 79 So. 409; and Kremer v. Kremer, 121 La. 484, 46 So. 600.
We find none of the cited cases to be applicable here. In the Huckaby case, supra, the plaintiff instituted a petitory action in which he claimed title to property which he had purchased at an administrator’s sale. The evidence showed that the sale had been made by the administrator without authority, that no debts were owed by the succession, and that the property was sold for less than two-thirds of its appraised value. Our Supreme Court held that the sale was null because the property was sold for less than two-thirds of its appraised value. The court observed in its opinion, however, that “an administrator cannot cause the succession property to be sold to effect a partition.” This statement was clearly obiter dictum, since it was specifically noted that no action for a partition had been filed, but even so, we think the court meant that the administrator cannot provoke a partition of the property among the heirs of the succession while the property is still in his hands for administration and before the estate has been settled.
In Succession of Manion, supra, one of the heirs of a succession, which owed debts and was being administered by an executor, filed suit against his co-heirs and the executor demanding a partition of the property as among the heirs. The Supreme Court dismissed the partition suit on an exception of prematurity, holding that an heir cannot provoke a partition suit as against his coheirs of property belonging to the succession, while the property is in the hands of an executor charged with the duty of appro *865 priating it to the payment of debts for which it may be liable. And in Kremer v. Kremer, supra, the suit for partition of succession property was filed by the administrator and four heirs against a co-heir, demanding a partition of the property among the heirs, even though the property was under administration and the succession owed debts, including one debt which was secured by a mortgage on the property sought to be partitioned. The Supreme Court held that the heirs could not provoke a partition among themselves until after the estate had been settled by the administrator, and that the latter could not join some of the heirs in demanding such a partition.
We are in complete accord with the ruling which was applied in the cases which have just been discussed. We feel, as did the court in each of those cases, that a partition among the heirs of a succession cannot be provoked until the succession has been settled by the administration or until the heirs desire to accept the succession unconditionally and can be sent into possession without an administration. See LSA-C.C.P. Article 3462.
The instant suit, however, is not an action between heirs and co-heirs for the partition of succession property. It is simply an action by the succession, through its administrator, for a partition of the property which the succession owns in common with a third person. The demand is for a partition of the property between the succession, as one of the undivided owners, and the defendant as the other undivided owner. If the partition is allowed and is completed, the succession (rather than the individual heirs) will be treated as an owner, and the portion of the property or funds which are found to belong to the succession will be delivered to the administrator. This partition suit, therefore is, a means or procedure by which the administrator can reduce to possession and bring under his administration the share of the property which belongs to the succession. Such a procedure will not defeat the rights of creditors of the succession, and it will not deprive the heirs of their right to accept the succession with the benefit of inventory.
Article 1135 of the Revised Civil Code provided that “If the deceased was in community or partnership with anyone who has survived him, the curator of the vacant succession or of his absent heirs is bound, immediately after his appointment, to sue for a partition, in order that the part which belonged to the deceased in the community or partnership property, be ascertained.” This article was repealed by Act 30 of 1960, on the recommendation of the Louisiana State Law Institute, but the reason for such repeal was that it is unnecessary “under the procedure adopted in LSA-Code of Civil Procedure.” See explanatory note under LSA-R.C.C. Article 1135, in 1965 Pocket Part.
Our Code of Civil Procedure provides that a succession representative shall be deemed to have possession of all property of the succession and shall enforce all obligations in its favor. LSA-C.C.P. Article 3211. And it further provides that in an action to enforce any such right, the succession representative is the proper plaintiff to sue, it being unnecessary to join the heirs in any such suit. LSA-C.C.P. Article 685 ; Browne v. Witten, La.App. 2 Cir., 153 So.2d 184; Quinette v. Delhommer, La.App. 4 Cir., 165 So.2d 900.
Although Article 1135 of the Civil Code has been repealed, we think the reasons for its repeal and the provisions of Articles 3211 and 685 of the Code of Civil Procedure show clearly that the Legislature intended that the legal representative of the succession should have the right and authority to provoke a partition of property which the succession might own in common with third persons.
In Wilson v. Wilson, 107 La. 139, 31 So. 643, the administrator of a succession which owed debts sued for the partition of property owned in indivisión by the succession and the defendants. Substantially *866 the same issues which are before us here were presented in that case, and our Supreme Court held that the administrator could maintain such an action for partition. The court said:
“ * * * The succession of Eliza Jane Caldwell, under administration, being owner of an undivided half of the property, and the heirs of Samuel Wilson, deceased, the owners of the other undivided half, and it being necessary to reduce to the possession and dominion of the administrator the half belonging to the succession, in order that the same, may be administered and applied to the settlement of the debts of the said Eliza Jane Caldwell, the administrator had a standing in court to provoke a partition of the property. It is only by this means that he can reduce to possession and bring under his administration the share of the property pertaining to the succession. * * * ”
The Supreme Court stated in Succession of Dumestre, 42 La.Ann. 411, 7 So. 624, that:
“We think the administrator (of the Succession of Blanche Dumestre) had the authority * * * to sue for the partition of the property which was held in joint ownership by and between the succession he represented, and the heirs of Alexis Dumestre * *
In Fabacher v. Fabacher, 214 La. 940, 39 So.2d 426, the court again held that the executor of a succession could maintain an action, as a party plaintiff, for the partition of property which the succession held in common with other co-owners.
And, in Dobrowolski v. Dobrowolski, 215 La. 1078, 42 So.2d 760, which was an action for partition, the case was remanded to the district court in order that the legal representative of one succession which owned an undivided interest in the property could be made a party to the suit, and in order that the judgment could be corrected to relegate the interest of another succession to the legal representative in order that it maybe there distributed as one of his assets.”
A review of these authorities convinces us that the plaintiff in the instant suit, in his capacity as administrator of the Succession of Antoine J. Fontenot, has the right to provoke a partition of property which is held in joint ownership by and between the succession which he represents and the defendant. We conclude, therefore, that the trial judge did not err in overruling the exceptions filed by the defendant, or in rendering judgment on the merits in favor of plaintiff ordering that the property be partitioned by licitation.
For the reasons herein set out, the judgment appealed from is affirmed. The costs of this appeal are assessed to defendant-appellant.
Affirmed.