I PATRICIA RIVET MURRAY, Judge.
This is a partition action. The narrow issue before us is whether a succession representative can sue to partition immovable property that the succession co-owns with a third party. From a judgment finding the succession representative lacks the right to bring such an action, the succession representative, Margie Stewart Williams, appeals. We reverse.
FACTUAL AND PROCEDURAL BACKGROUND
This case involves the rights of two separate, unrelated successions — those of Ellis Calvin Turner and Henry Stewart — to immovable property located at 923-925 Orleans Avenue in the Parish of Orleans.[1] It *265 is undisputed that the two successions co-owned the property at the time this partition action was commenced; the co-ownership dates back to May 7, 1958, when Ellis Calvin Turner bought an undivided one-half interest in the property from Henry Stewart. For over thirty years, the Turner heirs have resided in the double that is located on the property. Until the 1990’s, however, neither the Turner heirs, nor the Stewart heirs took any steps to be placed into possession of their respective interests in the immovable property. Although the Turner heirs have expressed a desire to buy out the ^interests of the Stewart heirs, attempts to amicably settle this matter have proved unsuccessful.
Given the narrow issue before us, only a brief sketch of the factual background is necessary. Both the original co-owners and some of their heirs are now deceased. When Henry Stewart died in 1963, his undivided one-half ownership interest in the property was inherited by his three surviving children: Ada Stewart Turner (who died in 1969),[2] Harnes Stewart (who died in 1971), and Hollis Stewart (who apparently is deceased).[3] On December 3, 1998, Ms. Williams, who is Harnes Stewart’s daughter and Henry Stewart’s granddaughter, filed a petition to be appointed administratrix of the successions of Henry, Harnes and Hollis Stewart, and Ada Stewart Turner (collectively the “Stewart successions”). The Stewart successions remain open, and Ms. Williams remains then-succession representative.
When Ellis Calvin Turner died in 1986, he was survived by his second wife, Ardis Turner, and two children born of their marriage, Dawn and Charles Turner (the “Turner heirs”). On November 2, 1999, the Turner heirs were put into possession of Ellis Turner’s one-half interest in the property.
On June 1, 1999, Ms. Williams filed this partition action in her capacity as adminis-tratrix of the Stewart successions and named as defendant the Turner succession. The petition attests that the Stewart successions and the Turner succession are co-owners of the property and seeks a partition by licitation (i.e., ^judicial sale). Answering, the Turner succession represented that the property in question is co-owned by the heirs of Henry Stewart and Ellis Calvin Turner and others, but that the exact owners and their exact percentages of ownership have not been determined as the successions are all currently open and under administration, and the property is subject to several succession proceedings.[4] The answer further states that plaintiff is not entitled to the relief prayed for because ownership has not been adequately proven.
*266 After the Turner heirs were put into possession of their one-half interest in the property, Ms. Williams amended the petition to name the Turner heirs as defendants. The Turners heirs responded by filing an exception of no right of action based on La. C.C. art. 1307, which provides:
A partition may be sued for by any heirs, testamentary or ah intestate).
It can also be sued for by any universal legatee or legatee under universal title, and even by a particular legatee, when a thing has been bequeathed to him in common with one or more persons.
The Turners heirs argued that Ms. Williams suit to partition filed solely in her capacity as administratrix of the Stewart successions should be dismissed because “she is not an heir, legatee nor co-owner of the property in question” and thus has no right to bring this partition suit under Louisiana law. No ruling on that exception appears in the record.[5]
Thereafter, in July 2001, the Turner heirs filed a new exception of no right of action asserting a new codal basis. Citing La. C.C. art. 3502, the |/Turner heirs contended that Henry Stewart’s heirs are barred by prescription from being recognized as legal heirs given their failure to bring an action to be placed in possession for more than thirty years.[6] Continuing, they argue that because Henry Stewart’s heirs are precluded by prescription from being recognized as legal heirs, “they are not co-owners and thus have no standing and no right of action.”
In August 2001, the trial court overruled the Turner heirs’ exception of prescription, but sustained their exception of no right of action. Both parties filed supervisory writ applications from that judgment, which this court denied.[7] In finding Ms. Williams had no right of action, the trial court gave the following oral reasons:
“[T]he heirs, if they were put into possession of Mr. Stewart’s half interest, they would then have a right. But, the succession itself has no right of action at this time. I don’t agree that they cannot proceed with their succession. I don’t think you can argue prescription as to co-heirs.”
Continuing, the court reasoned that until the Stewarts become heirs, they do not have a right of action, but “they have a right to proceed with the succession of Henry Stewart.” This appeal by Ms. Williams in her capacity as succession representative followed.
I ¡¿DISCUSSION
The narrow issue we must decide is whether a succession representative has a right of action to bring a partition action against a third party that co-owns immovable property with the succession. Ms. Williams argues that, in holding that the right to partition belongs solely to the heirs after they are put into possession, *267 the trial court apparently relied upon a misapplication of La. C.C. art. 1307. We agree. Article 1307 applies only to a suit to partition between co-heirs; this is a suit between a succession and a third party.
On the issue before us, the controlling codal provisions are La. C.C.P. arts 685 and 3211.
La. C.C.P. art. 3211 provides that “[a] succession representative shall be deemed to have possession of all property of the succession and shall enforce all obligations in its favor.” The official comments to Article 3211 state that it is a departure from the law of seizin. La. C.C.P. art. 3211, Official Comment (a).
La. C.C.P. art. 685 provides that:
Except as otherwise provided by law, the succession representative appointed by a court of this state is the proper plaintiff to sue to enforce a right of the deceased or of his succession, while the latter is under administration. The heirs or legatees of the deceased, whether present or represented in the state or not, need not be joined as parties, whether the action is personal, real, or mixed.
The official comments to Article 685 state that it “recognizes the right of an administrator alone to institute and prosecute a personal action.” La. C.C.P. art 685, Official Comment (a)(Emphasis supplied). The comments to this article further state that the succession representative alone is “able to | fienforce judicially all rights of the deceased, or his succession, whether the action is personal, real or mixed.” Id.
Taken together, these two articles clearly authorize a succession representative to file a suit to partition property owned by the succession in indivisión with a third party. Succession of Fontenot v. Demaret, 185 So.2d 861 (La.App. 3rd Cir.1966). Although the right to institute a partition action against a third party is not expressly enumerated in the codal provisions following La. C.C.P. art. 3211 as one of the succession representative’s powers, the right to alienate succession property (enumerated in La. C.C.P. arts. 3261 through 3298) is broad enough to include that right.
Distinguishing a case such as this in which the succession representative is seeking to partition property the succession co-owns with a third party from an action seeking a partition among co-heirs, the court in Demaret, supra, stated:
It is simply an action by the succession, through its administrator, for a partition of the property which the succession owns in common with a third person. The demand is for a partition of the property between the succession, as one of the undivided owners, and defendant as the other undivided owner. If the partition is allowed and is completed, the succession (rather than the individual heirs) will be treated as an owner, and the portion of the property or funds which are found to belong to the succession will be delivered to the administrator. This partition suit, therefore is, a means or procedure by which the administrator can reduce to possession and bring under his administration the share of the property which belongs to the succession. Such a procedure will not defeat the rights of creditors of the succession, and it will not deprive the heirs of their right to accept the succession with the benefit of inventory.
17185 So.2d at 865. The court in Demaret also noted that “[t]he right of a co-owner to demand a partition of the property which he holds in common with another is absolute” and that a succession representative “has an absolute right to demand a partition” of property the succession co-owns with a third party. 185 So.2d at 864.
*268 In support of their argument that a succession representative lacks a right of action to bring a partition action, the Turner heirs cite the codal provisions defining a succession to be a “process” as opposed to a separate legal entity. La. C.C. arts. 871 and 872, and Official Comments thereto. The Turner heirs also cite Succession of Wallace, 574 So.2d 348 (La.1991), for the proposition that a succession is a process, not an entity.
The Turner heirs’ argument is based on the logical inconsistency that arises from the Legislature using the term “succession representative,” yet defining the succession as a process. Attempting to reconcile that inconsistency, a commentator writes:
It is submitted that the problems in this area arise from the use of the term “succession representative.” The appellation logically implies an individual appointed to represent an entity called a “succession,” and this in turn suggests that a succession exists as a juridical entity, a fictitious being. If this were so, the doctrine of seisin would truly be extinct. A partial reconciliation may be effected by paying special heed to the following statement contained in the official comments to Code of Civil Procedure article 685: “In this code the succession representative, regardless of his title, represents both creditors, and heirs or legatees.... ” Viewed as such, articles 685 and 3211 raise merely a procedural bar to the exercise of certain rights by seised heirs and legatees— they do not deprive the heirs and legatees of seisin nor do they destroy the doctrine of seisin. The bar is analogous to other procedural incapacities, i.e., that of an unemancipated minor to sue. The fact that the minor must enforce his rights via his parents or tutor does not mean that these rights do not exist. Likewise, an heir or legatee may be seised of a succession, although he must rely on a ^succession representative to enforce his rights and honor his obligations.
Madeleine Fischer, Comment: Seisin: Rights and Obligations of the Heir before Acceptance or Renunciation, 49 Tul. L.Rev. 1110, 1121-22 (1975). Citing that student comment, the Supreme Court in Baten v. Taylor, 386 So.2d 333, 339 (La.1979), states that the practical effect of La. C.C.P. arts. 685 and 3211 is to give full seizin of the decedent’s property to the succession representative.
Although the Supreme Court in Wallace states that a succession is not a legal entity, the Court also states that the succession representative is “given broadened powers” under the code of civil procedure and is “the majordomo of the estate, having possession of all its property as well as the power and the responsibility to preserve its assets and enforce its claims.” 574 So.2d at 356-57. Simply stated, the code provides for a “strong succession representative” who is “ ‘deemed to have possession of all property of the succession.’ ” 10 Frederick William Swaim, Jr., and Kathryn Venturatos Lorio, Louisiana Civil Law Treatise: Successions and Donations, § 16.11 (1995)(quoting La. C.C.P. art. 3211). “As a corollary, the succession representative may exercise all procedural rights of a litigant.” Id. (citing La. C.C.P. art. 3196). It logically follows that a succession representative is the only party with capacity to assert the succession’s right to partition property it co-owns with a third party.
Accordingly, we reverse the trial court’s finding that Ms. Williams, in her capacity as the succession representative of the Stewart successions, did not have the right to commence the instant partition action.
laDECREE
For the foregoing reasons, the judgment of the trial court sustaining the exception *269 of no right of action is reversed, and this case is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.

. Although Ellis Turner was Henry Stewart's son-in-law (Ada Stewart Turner was Ellis Tur *265 ner’s first wife and Henry Stewart's daughter), that marital relationship is insufficient to make these two successions related.

. As noted earlier, Mr. Turner’s first wife, Ada Stewart Turner, was Mr. Stewart’s daughter. A partial Judgment of Possession was rendered in Ada Turner’s succession transmitting her community properly interest in the double to Ellis Calvin Turner; he was legally entitled to her share since she died intestate and no children were born of their marriage.

. The original partition petition attests that Hollis Stewart has been gone from this state for over twenty years. The record reflects that a curator was appointed to attempt to locate Hollis Stewart in order that he could legally be declared deceased.

.Several succession proceedings were consolidated with the instant partition action. In the motion to consolidate, it is represented that the primary asset in those succession proceedings is the undivided interest in the property at issue and that those succession proceedings and the instant partition action are "intrinsically linked to each other by virtue of the Orleans Avenue properly.”

. The record reflects that in December 1999, this case was referred to mediation. The record also reflects that the Turner heirs have asserted ancillary claims for reimbursement of expenses and the Stewart heirs for payment of rent. Those claims are not before us.

. La. C.C. art. 3502 provides:
An action for the recognition of a right of inheritance and recovery of the whole or a part of a succession is subject to a liberative prescription of thirty years. This prescription commences to run from the day of the opening of the succession.

.The Turners' application for supervisory writs to the Supreme Court on the prescription issue was also denied. Succession of Stewart v. Succession of Turner, 2001-3034 (La.2/1/2002), 807 So.2d 848. We find no merit to the Turner heirs’ argument that the trial court erred in denying their exception of prescription and thus do not revisit it.