(42 South. 198.)

No. 16,116.

SACCO v. NEW ORLEANS RY. & LIGHT CO.

(Oct. 29, 1906.)

CARRIERS—INJURY TO PASSENGERS.
    Involves only question of fact.
(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Thomas C. W. Ellis, Judge.

Action by Joseph Sacco against the New Orleans Railway & Light Company. Judgment for plaintiff. Defendant appeals. Reversed.

Dart & Kernan, for appellant. John Dymond, Jr., for appellee.

PROVOSTY, J. Plaintiff sues in damages for injuries which, he charges, were caused by the negligence of the defendant company. He was thrown to the pavement and injured as he either stepped off, or fell off, of the rear platform of one of the street cars of the defendant company after the car had been signaled by the conductor to stop and was slowing up preparatory to stopping for him to get off. He says that he had put one foot on the step, getting ready to alight from the car as soon as it should have come to a stop, when the conductor gave the signal to start again, and that the sudden resumption of speed caused him to fall off. He says that it was after midnight on a Saturday night, and the last trip of the car, and that doubtless the conductor was in a hurry to get to the barn and end his day's and week's work.

The conductor denies that a second signal of any kind was given; and says that plaintiff voluntarily stepped off while the car was still moving. In his statement that no second signal was given he is corroborated by the motorman and one other employé of the defendant company, a switchman, who happened to be a passenger on the car, occupying the third seat from the front. In his statement that the plaintiff voluntarily stepped off the car he is corroborated by a boy who stood at his side.

The boy testified both ways as to a second signal having been given. In chief he said that only the one signal to stop was given. On cross-examination, he said that after the plaintiff had gotten off and fallen to the pavement another signal to stop was given. In the latter statement he contradicts defend-

ant's three other witnesses, who say that no second signal was given.

Counsel for plaintiff argues that this second signal testified to by the boy must have been the signal to start again testified to by plaintiff. But this cannot be, for the boy is positive that the second signal was given after plaintiff had gotten off and fallen. We do not find that plaintiff can derive any support for his case from the testimony of the boy. If the boy's testimony is truthful, it is against plaintiff. If it is not truthful, it must be disregarded. Eliminating it, plaintiff stands alone against the three other witnesses produced by defendant.

Plaintiff's learned counsel reads the testimony as establishing that the car stopped some distance beyond the crossing; and in this he finds corroboration of plaintiff's statement that the car resumed its speed, and then, after the accident, made an emergency stop. We do not so read the testimony. The decided preponderance of it locates the car at the regular stopping place. Any slight divergence between the witnesses as to the exact spot within a few feet is easily accounted for. It was night and they paid no particular attention, and the cross-street, by whose projected line across the avenue upon which the car stood they had to judge the distance, comes, not at a right angle, but slantingly, and the avenue is wide.

We think the judgment must be reversed, and the suit dismissed, at plaintiff's cost, and it is so ordered.

LAND, J., takes no part, not having heard the argument.