## WARNER v. DE BRITTON.*
### No. 1254.

Court of Appeal of Louisiana. First Circuit.

Dec. 4, 1933.

Jos. A. Loret and J. D. Womack, both of Baton Rouge, for appellant.

Taylor Porter & Brooks, of Baton Rouge, for appellee.

LE BLANC, Judge.

A Model T Ford coupé ran into a canal that had been dug across a public road known as the Broussard road in the parish of East Baton Rouge between the hours of 1 and 2 o'clock of the morning on November 1, 1931. The car belonged to Brooks Welch and was being driven at the time by Sidney Welch, his brother. Seated on the same seat with Sidney and Brooks was Alex Welch, another brother. As a result of the accident, Sidney Welch was killed, Alex and Brooks Welch both sustained injuries to their backs, and the Ford car was entirely demolished.

Sidney Welch was unmarried and had no children. His mother, Mrs. Estelle Garrison Warner, instituted this suit against Newman H. DeBritton, contractor engaged in digging the canal which crossed the Broussard road for the police jury of East Baton Rouge. She seeks to recover $10,000 damages for the death of her son. Alex Welch and Brooks Welch each filed a separate suit against De-Britton, the former seeking to recover the sum of $1,000 for the injuries he sustained and the latter $1,800, of which $1,500 is claimed as damages for personal injuries and $300 for the loss of his automobile.

The plaintiffs charge gross fault and negligence on the part of the defendant in having failed to place a barricade on the side of the road from which they were approaching the canal on the night of the accident and in having failed also to place lights in the road to warn persons who might be driving along the same that the said canal had been dug across the road.

The defendant for answer to each petition averred that the canal which was being dug by his subcontractor, one Sam Maggio, at the point where it traversed the Broussard road, had been completed and the police jury of the parish had assumed control over it by having already started to erect a bridge over it at that point, and, consequently, he was not liable in damages that may have resulted to any one for failure to have properly guarded the road. He otherwise denies the negligence alleged against him by all three of the plaintiffs in failing to have properly barricaded the road, and, in the alternative, he pleads contributory negligence on the part of Sidney Welch for his failure to have seen the barricade in time or in having his car under such control as to have been able to stop it within the distance projected in front of it by his headlights. As against the other two plaintiffs, he pleads contributory negligence in their failure to have warned Sidney Welch of the danger in time for him to have stopped the car and averted the accident.

The three cases were consolidated for the purpose of trial in the lower court, and a separate judgment was rendered in each suit rejecting each of the demands of the respective plaintiffs. All three have taken an appeal to this court where the cases were again consolidated for the purpose of argument. Brooks Welch v. DeBritton (La. App.) 151 So. 241; Alex Welch v. DeBritton (La. App.) 151 So. 241.

We are not informed on which ground the claims were rejected by the district judge as he did not hand down written reasons for judgment, but under the evidence, as we view it, we are of the opinion that the defendant was properly exonerated from liability, and the ground on which we think he was, rests on the proposition that the police jury of the parish, by its action in having gone to the place where this canal crossed the road and having already begun the erection and construction of a bridge over it two days before the accident occurred, had in effect assumed control over the road at that point and was therefore charged with the responsibility of properly guarding it.

The defendant's contract with the police jury contemplated the digging of a canal from the Baton Rouge-Hammond highway near Millerville to Hunnicut creek in the seventh ward of the parish. The work was to be done in conformity with certain plans and specifications, and under the direction and approval of the engineer representing the police jury. The contractor had nothing to do with regard to bridging over that part of the canal which

*Rehearing denied January 22, 1934.

was to cross the Broussard road. This seems to be borne out by the testimony to the effect that on the Wednesday preceding the accident, when the drag-line machine was nearing the eastern edge of the Broussard road, Mr. John J. Mundinger, the engineer representing the police jury, gave instructions not to cross the road that night as he saw that they were not prepared to barricade it. His instructions were carried out by Maggio, the subcontractor, who stopped work that evening and did not start again until the following morning at about 9 o'clock. It took him just two hours to dig across the road, and all that afternoon and night he took necessary steps to guard the road by placing one of his workmen there as a watchman. On Friday morning, the police jury began work erecting the bridge by placing some of the heavy timbers which were to provide the foundation therefor. Friday evening, Mr. Wax, member of the police jury for the ward, asked Mr. Cambre, the operator of the drag-line machine, to place a barricade across the road so as to guard it during the night. This request was in the nature of a favor, as Cambre says that Wax, in asking him to place the barricade, told him that, if he did not do it, he (Wax) would then have to go "all the way to town" (meaning Baton Rouge) to get a man to do it for him. Cambre, in compliance with the request made of him, had one of his men named Johnnie Aimes place a barricade consisting of four empty gasoline drums across the road south of the pile of dirt that had been excavated from the canal and thrown upon the embankment. These are facts as testified to by Cambre and Aimes and they are not disputed. On Friday and Saturday the drag-line machine continued its operation, and on Saturday night, the night of the accident, it had reached a point some 800 to 1000 feet west of the Broussard road. The fact that the parish, through the police jury, had begun the construction of the bridge over the canal where it crossed the road is not disputed either and can be no better evidenced than by the photographs introduced in the record which show the work that had already been done.

Under such a state of facts, it looks to us as though the police jury had, to all intents and purposes, assumed control over that part of the canal at the point where it crossed the Broussard road and had become responsible for the road being properly guarded and protected until the bridge was opened to traffic. On the Saturday on which this accident occurred, the obstruction in the road was no longer caused by the digging of the canal, but by the construction of the bridge that had been undertaken by the police jury. The defendant's contract, as we have said, was for the digging of a canal. That this canal was to cross this particular road was incidental, and, whilst it may be that during the time that the contractor in pursuing his contract was crossing the road, he had the duty to guard and protect traffic over it, his duty ceased when the police jury came in and assumed control over the situation by the two acts which we have cited, the first being the erection of the bridge and the second to see that the road was properly barricaded.

Plaintiffs have not stressed this issue and do not discuss it at any great length, and yet it is the important point in the case. Their counsel seemed to content themselves by saying that the police jury had not accepted the canal and that, as long as it had not, the contractor was responsible for the guarding of the road. As a general proposition, we would say that such a position is the correct one to assume, but we must view this case differently by reason of the acts of the police jury to which we have referred. Besides, in the case of Handy et al. v. Barber Asphalt Co., 117 La. 637, 42 So. 193, the Supreme Court strongly intimates that it may not be necessary that the work done in contemplation of a contract be accepted "as a whole" by the municipality in order for the contractor to be relieved of responsibility in cases of accident. We have found no case that is exactly in line with the question as is here presented, but in view of the language of the Supreme Court in the case referred to and of the peculiar facts as they here appear, we are of the opinion that the sound and logical conclusion to reach is that by having started the construction of this bridge and having taken steps itself to guard the road, the police jury may well be said to have assumed control over it to such an extent as to have relieved the contractor from further responsibility.

As the view which we have adopted disposes entirely of the question of liability on the part of the defendant, it is unnecessary for us to consider the other defenses that are raised by the pleadings.

The judgment which rejected the plaintiff's claim and dismissed her suit is correct and accordingly it is affirmed. Appellant to pay all costs.