Morphy, J.
delivered the opinion of the court.
This action is brought to annul a judgment obtained by one Oliver [44] Akin against plaintiff, as a member of the firm of “ Gaiennié & Deneufbourg,” on the ground that no citation had been served on him, the plaintiff; that the partnership of which he had been a member had been dissolved by mutual consent several months before the institution of the' suit; that public notice of such dissolution had been given in the public papers, and that the plaintiff in that suit had had direct notice thereof by the separate answer which Deneufbourg had filed long previous to the rendition of the judgment sought to be avoided. Plaintiff sued out an injunction to arrest the execution of a fieri facias against him under such judgment. On the very day the present suit was brought, Deneufbourg having satisfied the judge below that he had paid up the amount of said judgment, and was, by such payment, subrogated to the rights of Akin, under it, he was allowed to take out against the plaintiff a capias ad satisfaciendum for one half of the judgment and costs; but this writ was also enjoined on the grounds already stated. The defence set up was that the citation served upon Deneufbourg, one of the partners of the old firm, was good or binding on plaintiff, because at the dissolution of the partnership, Deneufbourg had been charged with the liquidation of the accounts. The court below dissolved the injunctions previously granted and decreed damages against the plaintiff and his surety on the injunction bond.
We think the court erred; it is true that during the existence of a commercial partnership, service of citation on one of the members is good against all of them, but after its dissolution, every member intended to be made a party to a suit must be served with a separate citation. The general power given to one partner to settle and liquidate the accounts of the partnership does not appear to us to confer on him greater rights than each member of the firm after its dissolution could have possessed for the purpose of [45] liquidation, had no liquidator been appointed. It relates to the payment of acknowledged debts and the collection of all sums due to the firm, but does not enable the liquidator to stand in judgment for the other partners unless a special power to that effect be granted. Our Code requires express and special power to be given whenever the things to be done are not merely acts of administration. La. Code, art. 2966; 8 La. Rep. 568; 18 Id. 484. But even could the general power to settle all accounts be considered as sufficient to enable Deneufbourg to defend a suit brought against his former partner, the record shows that he was not sued as liquidator of the partnership; and that he did not appear in the suit in that capacity, he appeared and filed for himself a separate answer tending to throw the burden of the whole debt on his late partner, Gaiennié, on the ground that the draft sued on had never been accepted for the good of the firm; but had been accepted by Gaiennié for his own private use and benefit without his (Deneufbourg’s) knowledge and in fraud of his rights. Alter such an answer, Gaiennié could not be considered as represented in the suit or as legally cited. Kb judgment by default could be taken against him, without a separate citation being first served upon him according to law; this not having been done, all the proceedings in *32 tlio suit were as to him absolutely null and void. Code of Practice, arts. 206 and 606.
It is therefore ordered and adjudged, that the judgment of the district court be reversed; that the injunctions sued out by plaintiff be made perpetual, and that the appellee pay costs in both courts.