## HEFFERMAN *v.* BRENHAM.

Persons associated together for carrying personal property for hire in vessels are commercial partners, and may be cited in the manner prescribed for the citation of such associations; but it is only where they are associated together under a title or as a firm, that the service of a citation addressed to the partnership in its social name, made on one of its members only, is sufficient. C. C. 2796. C. P. 181, 198.

Where in an action on a claim for supplies furnished to a steamer, the proceedings are not *in rem*, and the owners are not shown to have had a social name, and citation was served on but one of the two owners, the judgment, though rendered against the part owner who was cited and against the steamer itself, cannot be executed by seizing the whole boat. The part owner who was not cited, and made no appearance, must be regarded as a stranger to the proceedings, and he may, by an opposition under art. 395 *et seq.* of the Code of Practice, arrest the sheriff in any attempt to seize his share of the boat to satisfy the judgment. He was not bound to notice the proceedings until an attempt was made to seize his share of the boat.

APPEAL from the Commercial Court of New Orleans, *Watts*, J. *Mott* and *Prentiss*, for the plaintiff. *G. B. Duncan* and *Roselius*, for the appellant.

The judgment of the court was pronounced by

KING, J. This suit was commenced by a petition addressed to the Commercial Court, in which the plaintiff alleged that *Charles J. Brenham* and ———— *James*, who resided out of the State, were indebted to him for supplies furnished to the steamboat Ambassador, of which they were the joint owners, and concluded by praying for a judgment *in solido* against those parties, with a privilege upon the boat. The return upon the citation is, that it was served "upon the defendants through Captain *Brenham*, one of them, in person." There was no personal service upon *James*, nor was any counsel appointed to represent him. *Brenham* appeared and confessed judgment "according to the prayer of the petition," and, on the same day, a judgment was rendered "against *Charles J. Brenham*, part owner of the steamboat Ambassador, and against the steamboat Ambassador," for the sum claimed. An execution issued upon this judgment by virtue of which the entire steamboat was seized, when *John H. James*, one of the defendants named in the petition, against whom no judgment had been rendered, took a rule upon the plaintiff, to show cause why the execution should not be set aside, or so reformed as to direct the sale of the

interest of *Brenham* only in the boat. This rule was discharged. *James* then intervened in the suit, by a third opposition, in which he alleged that be was the owner of three-fourths of the steamboat Ambassador, that he had not been cited in the suit, and that no judgment had been rendered against him; that there was no allegation in the petition, nor proof exhibited, that a commercial partnership existed between himself and *Brenham*, and that although the judgment was *in rem* the proceedings neither authorized nor contemplated such a decree. He further alleged that the confession of *Brenham* had been fraudulently and collusively made, with a view of causing a sacrifice of the interest of the opponent in the boat, and concluded by a prayer that the execution of the *fieri facias* should be restrained to the share of *Brenham* in the boat, to the sale of which no objection was made, and that the sheriff be injoined from selling the opponent's interest.

<em>HEFFERMAN<br>v.<br>BRENHAM.</em>

*Hefferman* excepted to this petition, on the ground that *James* could not avail himself of a third opposition to resist the execution of his judgment, having been a party to the original proceedings. The judge below sustained the exception, and dismissed the opposition. From this judgment *James* has appealed.

The question presented is, whether the opponent can legally use the remedy to which he has resorted, to protect his interest in the boat from seizure and sale under the judgment of *Hefferman* against *Brenham*.

The plaintiff contends : 1st. That an opposition can only be made by a person not originally a party to the suit, and that *James* was a party defendant in the original proceedings. 2d. That if there be error in the proceedings or judgment in the original cause, it cannot be corrected by a third opposition ; but that relief should have been sought by an appeal, or by an action of nullity.

I. The suit was instituted against the defendants, who were alleged in the petition to be owners of a steamboat. On one of them there was personal service of citation ; on the other no service was made. It is contended that the defendants were commercial partners, and that the citation of one of them brought both before the court. Persons associated together for the purpose of carrying personal property for hire in vessels are commercial partners by our law, and may be cited in the form prescribed for the citation of such associations. But it is only where they are associated together under a title or firm, that the service, made on one of the members only, of a citation addressed to the partnership in its social name, is sufficient. Code of Pract. art. 198. Civil Code, art. 2796. The general rule is that there must be service of citation upon every party defendant, to which this is one of the exceptions expressly ordained by law. There is neither allegation nor proof that the defendants had a social name, and service upon each was necessary to bring them into court. Code of Pract. art. 181. The proceedings were avowedly not *in rem*, and none of the steps required for bringing *James*, or his property, before the court in that form, were taken. He was not cited in any of the modes provided by law, made no appearance, and must be considered to have been an entire stranger to the proceeding at the date of the judgment. He was so considered by the court below, and no judgment was rendered against him, notwithstanding the confession of *Brenham*.

The object of the opposition was not to revise, set aside, or correct the judgment of the Commercial Court, but to arrest its execution upon property of which *James* claims to be the owner, and which he contends is not liable to

HEFFERMAN
*v.*
BRENHAM.

seizure under it. This is one of the purposes for which third persons may resort to this proceeding. Code of Pract. art. 395. It was not necessary that *James* should notice a judgment which was not rendered against him, and to which he was no party. He might well disregard it, until the plaintiff attempted to execute it upon his property; the law then furnished him adequate means of resistance by way of injunction, or opposition, and to the latter of these he had recourse.

We think the court erred in refusing to hear the party upon the merits of his opposition.

It is therefore ordered and decreed that the judgment of the Commercial Court be reversed, and the cause remanded for further proceedings; the appellee paying the costs of this appeal.