Morgan, J.
This case had been several times continued in the lower court. After being partially tried it was continued to a certain day. *238 Under the law as it then stood, cases in that condition were placed at the foot of the trial list of the cases regularly fixed for that day. The court opens at ten o’clock. At twenty minutes past ten defendants’ counsel came into court, and found that his case had been submitted. The testimony shows that the case was not taken up out of its regular order.
Defendants moved to reinstate the case, but the judge refused to do so, and we can not say that he erred, as the counsel who represented the defendants gave no good reason why he was not present. He knew that the court met at ten o’clock in the morning. He does not show any cause which prevented him from being present when the court was opened. If he chose to take the risk of his case not being reached during his absence, he must take the result of his risk.
It is claimed that the judgment against Pratt is null and void because no service was.made upon him. Wheless & Pratt had been commercial partners. The partnership had been dissolved. Wheless was the liquidator thereof. He alone was cited. Pratt could not be found. Wheless answered. Subsequently, he filed a supplemental answer, and, as liquidating partner of Wheless & Pratt, reconvened against Anderson, the plaintiff, alleging an indebtedness by him to the firm of Wheless & Pratt.
We are to determine whether the service on Wheless was, in law, a service on Pratt, and, if not, whether the supplemental answer of Wheless, in which he alleges that he is the liquidating partner of Wheless & Pratt, brings him into court.
We think not. During the existence of a commercial partnership, service on one of the members is good against all; but after its dissolution every member intended to be sued, must be served with a separate citation. C. P. 198; Gaiennie v. Akin, 17 La. 42; Kearney v. Fenner, 14 An. 870.
The supplemental answer of Wheless, in which he claims judgment against Anderson for an amount alleged by him to be due to the firm of Wheless & Pratt, of which firm he asserts himself to be the liquidating partner, does not authorize a judgment on Anderson’s original demand against him.
It is therefore ordered, adjudged and decreed that the judgment of the district court, as regards the defendant Pratt, be avoided, annulled and reversed, and that as against the defendant Wheless, it be affirmed, the costs as regards Pratt to be borne by the appellee; those against Wheless to be paid by him.