## No. 6040.

### McCloskey, Bigley & Co. vs. Wingfield & Bridges et al.

A judgment against a partnership, which has ceased to exist by the death of one of the partners before the date of the judgment, is null and void.
A surety can not be held under a judgment void as to his principal.

APPEAL from the Fourth District Court, parish of Orleans. *Lynch, J.*

*Bentick Egan*, for plaintiffs and appellants.
*George L. Bright*, for defendants.

The opinion of the court was delivered by

MARR, J. McCloskey, Bigley & Co. brought suit against Wingfield & Bridges, described in the petition as "a commercial firm, composed of James H. Wingfield and H. Q. Bridges." Process of attachment was issued, under which the property of Wingfield & Bridges was seized, and released on bond given by Wingfield & Bridges, with Charles S. Bush as security, conditioned to satisfy such judgment as might be rendered against defendants.

Plaintiffs prayed "that Wingfield & Bridges be cited to appear and answer this petition, and, after due proceedings had, that said firm of Wingfield & Bridges, and the members thereof, James H. Wingfield and H. Q. Bridges, be condemned, *in solido*," etc.

The citation was addressed to "Messrs. Wingfield & Bridges," and the service was on "Messrs. Wingfield & Bridges, through Bridges in person, a member of said firm." The answer was in the name of the firm, and the judgment was against "defendants, Wingfield & Bridges, and the members thereof, James H. Wingfield and H. Q. Bridges, *in solido.*"

Execution issued on this judgment, and was returned "no property found," and therefore plaintiff took a rule on Charles S. Bush, the surety

in the release bond, to show cause why he should not be condemned to satisfy the judgment.

In his answer to this rule Bush set up a number of objections. We shall notice but one of them, which we think is fatal, and that is that James H. Wingfield, of the firm of Wingfield & Bridges, was dead at the time the judgment was rendered.

The suit was against the partnership, Wingfield & Bridges; the partnership alone was cited; the release bond was given by the partnership, and Bush was surety for the partnership.

A judgment against a commercial partnership binds the partners *in solido*, but to have that effect the partnership must exist and be capable of standing in judgment at the time the judgment is rendered.

The proof is that James H. Wingfield died on the second of April, 1874, more than a year before the judgment, which was rendered on the twenty-first of May, 1875. The judgment, therefore, against the firm of Wingfield & Bridges, and against James H. Wingfield, was a mere nullity, absolutely void.

The condition of the release bond is that the defendants, the principal obligors, Wingfield & Bridges, shall satisfy such judgment as may be rendered against them. A judgment against one of the individuals who was a member of that firm while it existed is not a judgment against the defendants, the partnership; and the surety did not undertake to satisfy any other judgment than such as might be rendered against the principals, the partnership.

After the death of Wingfield no judgment could be rendered against the partnership without making his representative a party, and until such judgment is rendered the surety of the partnership is not liable.

In Grieff vs. Kirk, 17 An., it was decided that the surety of a partnership in an appeal bond was not the surety of the individuals comprising that partnership, and that he was not liable on a judgment which discharged the partnership but condemned one of the partners individually.

The judge of the court below did not err in dismissing the rule taken by plaintiffs on Bush, the security, and the judgment appealed from is affirmed with costs.

------

### On Application for Rehearing.

The opinion of the court was delivered by

Egan, J. This application has been earnestly pressed upon our attention, and we have given it due consideration.

The question is not merely as to the manner of *enforcing judgment* against the principal before pursuing the surety. It is as to the existence of judgment against the principal. The death of a partner dis-

solves the partnership. R. C. C. 2876. If this arises after answer filed, suit does not abate, but may be continued by making the heirs or legal representatives of the deceased partner parties to the suit. No valid judgment can be obtained otherwise, as held by us. This was not done in the present case, and is an insuperable obstacle to the pursuit of the surety in the present attitude of the case.

The rehearing is refused.