## No. 8180.

### WM. B. GLASSCOCK ET AL. VS. CHARLES G. CLARK.

The title to one-half of the Community property is vested in the heirs of the deceased wife at the moment of her death, and it is not necessary for them, when they claim it, to allege that the Community is liquidated and solvent. Decisions in 25 An. 379, and 26 An. 639, overruled. Decision in 32 An. 848, affirmed.

APPEAL from the Ninth Judicial District Court, parish of Concordia. Hough, J,

---

J. S. Boatner for Plaintiffs and Appellants.

Wade R. Young for Defendant and Appellee :

Where the plaintiffs claimed three-tenths of a certain tract of land and plantation as heirs of their deceased mother, who had an undivided community of interest in said plantation now in possession of defendant;

Held—That plaintiffs' petition discloses no cause of action, inasmuch as it is not alleged that the community between the plaintiffs' father and mother owed no debts, nor that anything remained after paying the debts thereof.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   The plaintiffs, as heirs of their mother, sue to be decreed the owners of an undivided interest of certain real estate acquired during the community between her and her husband, and which the latter assumed of his own authority to sell, as a unit, after her death.

The defendant filed a peremptory exception of no cause of action, which was sustained, and the suit was consequently dismissed.

The District Judge assigned no reasons in support of his decree, other than that the law was "in favor of sustaining said exception."

From this judgment the plaintiffs have appealed. Counsel for de-

fendant have not favored us with their views on the merits of the defense they set up.

We are left to infer, from the brief filed on behalf of the plaintiffs, that the judge of the lower court considered that the plaintiffs could have no right of action unless upon allegation of the liquidation and solvency of the community, as was announced in 25 An. 379, and 26 An. 639.

The exception was not well founded, and the judgment sustaining it is erroneous.

At the death of plaintiffs' mother, the effects which composed the partnership of gains were divided into two equal portions between them, in their mother's right, and their father in his own; R. C. C. 2406; Domat, v. 2, p. 32, No. 2470; and the rights so acquired vested so effectually in the plaintiffs, that the surviving partner could not legally alienate or encumber the property so as to affect them.   23 An. 638; 15 An. 113.

The heirs being considered seized of the succession from the moment of its being opened, the right of possession which the deceased would have had, if the community had been dissolved by judgment, vested and continued in the person of the heirs, and each heir became an undivided proprietor of the effects of their mother's succession, for the part or portion coming to him, which formed among them a community of property, as long as it remained undivided; R. C. C. 936, 1214; so much so, that a judicial mortgage can be acquired by registry, against an heir, affecting all the mortgageable property thus acquired and owned by him.   21 An. 253; 27 An. 504; 31 An. 748; Brennan vs. Bernard, 7 L. 222; see, also, 7 N. S. 94; 9 L. 284; 12 R. 266; 1 R, 149, 378; 10 R. 18; 3 An. 562.

This doctrine was fully sustained in Bennett vs. Fuller, 29 An. 663, in which it was held, that, after the dissolution of the community, the husband, as its former head, has no power to sell, and can convey title to no greater part of the community property than his undivided half interest in it.   See 31 An. 493.

In Tugwell vs. Tugwell, decided by the present Court, 32 An. 849, we distinctly held, that the interest of the deceased spouse attaches at the moment of the dissolution of the community to the property of the same, subject to the payment of the community debts, and that for the enforcement of the rights so acquired by the heirs it is not necessary that they should have been recognized or the community liquidated previously.

By instituting the suit, in the right of their mother, the plaintiffs have accepted her succession and, consequently, the community which existed between her and their father.

In the Tugwell case, the principle announced in Gennan vs. Gay, 9

L. 582, which is decisive of the question here presented, was distinctly affirmed, the Court making a copious extract from the opinion delivered at the time.

See, also, 5 An. 581, 582; 6 An. 295; 16 An. 49; 18 An. 409; 19 An. 428; 7 R. 183; 5 R. 9; 2 L. 300; 12 R. 258.

We also there held, that an heir can sue for his share in a succession without being constrained to make his co-heirs parties. 5 L. 430; 4 O. S. 472; 3 L. 134; 32 An. 949.

The rulings on the points now before us, as found in 25 An. 379, 26 An. 639, 27 An. 634, may well now be treated as no longer authority.

We have otherwise considered the petition, and do not find that it is deficient. We think that it discloses a right of action as to the matters now before us.

It is, therefore, adjudged and decreed that the judgment of the District Court be reversed; that the exception of the defendant be overruled, and that he do answer to the merits. It is further ordered that this case be remanded to the lower court for further proceedings according to law.

---

## On Application for Rehearing.

POCHÉ, J. In defendant's brief in support of his application for rehearing, we find the following language :

" As it appears from the opinion rendered in this cause that your Honors have not read the brief filed for the defendant, and that the oral argument of defendant's counsel has escaped your recollection, we trust that you will pardon us for troubling you with a petition for a rehearing."

1st. That we did not, and could not, read his brief, is easily explained by the fact that he had filed no brief in time for our consideration in disposing of the cause. The following facts appear from the records of the Court :

The case was submitted on the 19th of February, with leave to defendant to file his brief by the 23d of that month. After the expiration of that delay, no brief having as yet been filed by defendant, the transcript was handed in by the clerk for action by the Court. The case was decided on the 7th of March, and defendant's brief was handed to the clerk on the 24th only, fully six days after the filing of his brief for rehearing now under consideration.

2d. The oral argument of his counsel, which had been listened to with earnest attention and interest, had not escaped our recollection, but fell short of the intended effect, which was to induce us to review two decisions which had been considered as erroneous by our immediate

predecessors (in 29 An. 663), whose conclusions had been reaffirmed by ourselves in Tugwell vs. Tugwell, 32 An. 849; and which decisions we then considered, and now declare, to be formally and finally overruled. We refer to the cases of Phelan vs. Ax, 25 An. 379, and Daniel vs. Ivy, 26 An. 639.

In view of the confident earnestness with which defendant urges a reversal of our decree, and of the fact that his brief on the merits of the case reached us only a few days ago, we have given our serious and patient attention to his reasoning in both briefs, and have carefully examined all the authorities on which he relies; but considering that the correct principles on this important question of our jurisprudence are announced in the early decisions of this Court, as interpreted in the two cases of 29 An. 663, and 32 An. 849, we are constrained to adhere to our previous rulings, and to conclude that a rehearing should be denied.