## MITCHELL & RAMMELSBURG FURNITURE CO. *v.* SAMPSON.

*(Circuit Court, N. D. Florida.  February 16, 1891.)*

JUDGMENT—REVIVAL—PARTNERSHIP—CITATION.

Civil Code La. art. 3547, providing for reviving a judgment, prescribes that it may be done by having a citation issued "to the defendant or his representative, * * * and, if such defendant be absent, and not represented, the court may appoint a *curator ad hoc* to represent him in the proceedings, upon which *curator ad hoc* the citation shall be served." *Held,* that a judgment rendered against a partnership and the members individually, *in solido,* cannot be revived against a member who has since left the state, where the citation is to, and the appointment *curator ad hoc* for, the partnership only.

At Law.

Civil Code La. art. 3547, provides that "all judgments for money * * * shall be prescribed by the lapse of ten years from the rendi-

tion of such judgments: provided, however, that any party interested in any judgment may have the same revived at any time before it is prescribed, by having a citation issued, according to law, to the defendant or his representative, from the court which rendered the judgment, unless defendant or his representative show good cause why the judgment should not be revived, and if such defendant be absent, and not represented, the court may appoint a *curator ad hoc* to represent him in the proceedings, upon which *curator ad hoc* the citation shall be served."

*H. Bisbee*, for plaintiff.

*Cooper & Cooper*, for defendant.

PARDEE, J.  A stipulation in writing having been filed in this case, waiving trial by jury, the cause thereupon being tried by the court, after hearing evidence and argument, the court finds the following facts in the case:  On January 19, 1875, the Mitchell & Rammelsburg Furniture Company brought suit against the firm of Sampson Bros., in the sixth district court for the parish of Orleans, state of Louisiana, to recover the contents of a certain promissory note made by Sampson Bros. to the order of petitioner, dated January 1, 1875, for the sum of $7,778, with 8 per cent. interest from January 1, 1875, until paid.  On the same day citation directed to Sampson Bros. was issued, which, on the 22d day of January, was served personally on A. Faunce, agent of said Sampson Bros., who accepted service of the same.  On the 28th of January following, a supplemental petition was filed and allowed by the court, alleging all the allegations of the original, and praying for citation against Frank G. Sampson and Chandler Sampson each, individually, and as members of the firm of Sampson Bros., and for judgment as prayed for in the original petition.  Afterwards, on February 11, 1875, the defendants by counsel filed in said court the following answer:

"And into this honorable court come defendants by their undersigned counsel, who, for answer to the plaintiff's demand, deny all and singly the allegations therein contained.  Wherefore they pray to be hence dismissed, with costs, and for general relief.

[Signed]                    "BREAUX, FENNER & HALL,
                                   "Attorneys for Defendants."

On March 1, 1875, the court rendered the following judgment:

"And after hearing the pleading and evidence, the court considering that the law and the evidence are with the plaintiff, it is ordered, adjudged, and decreed that there be judgment in favor of the plaintiff, the Mitchell and Rammelsburg Furniture Company, and against defendants, the firm of Sampson Brothers, and Chandler Sampson and Frank G. Sampson *in solido*, in the sum of seven thousand seven hundred and seventy-eight dollars, ($7,778.00,) with eight per cent. (8 %) yearly interest from 1st January, 1875, until paid, and costs of suit.  Judgment signed 6th March, 1875.

[Signed]                    "A. SAUCIER, Judge."

Afterwards, on January 28, 1885, the Mitchell & Rammelsburg Furniture Company filed a petition in the civil district court for the parish of Orleans, state of Louisiana, the legal successor of the sixth district

court for the parish of Orleans, which rendered the aforesaid judgment as follows:

"The petition of plaintiff herein with respect represents that said plaintiff originally obtained judgment against the defendant herein before the honorable the sixth district court on the ——— day of March, 1875; that said judgment was signed on the 6th day of March, 1875; that the same has not been paid in whole or in part, and is about to be prescribed by law; that your plaintiff is desirous of having such judgment revived by having citation issued to the defendant, as prescribed by article 3547 of the Civil Code of Louisiana: wherefore he prays that the defendant be cited according to law, and, after due proceedings, that the said judgment be revived, as prescribed by article 3547 of the Civil Code, and plaintiffs pray for all general and equitable relief."

Upon the said petition citation was issued, directed to Sampson Bros., New Orleans, La., as follows:

"*Sampson Brothers, New Orleans, La.:* You are hereby summoned to comply with the demand contained in the petition of which a copy accompanies this citation, or deliver your answer to the same in the office of the clerk of the civil district court for the parish of Orleans, within ten days after the service hereof.

"Witness, the honorable judges of the said court, this 20th day of January, in the year of our Lord 1885.

[Signed]                           "JAMES DAVIES, Deputy-Clerk."

Upon the said citation the sheriff made return as follows:

"Received January 28th, 1885, and on ———, after due and diligent search on inquiry, I was unable to find Sampson Brothers, defendants herein; was credibly informed they were out of the state of Louisiana, and reside in the state of Florida. Returned January 30, 1885.

[Signed]                           "E. A. McINTYRE, Deputy-Sheriff."

On February 3, 1885, on the motion of attorney for the plaintiff, suggesting the aforesaid return, it was ordered by the court that Meyer Gutheim, Esq., be appointed *curator ad hoc* to represent said absent defendants. On February 11th said *curator ad hoc* filed the following answer:

"CIVIL DISTRICT COURT—DIVISION D.

"*Mitchell and Rammelsburg Furniture Company* vs. *Sampson Brothers.*

"Now into court comes dfdt., through Meyer Gutheim, *cur. ad hoc*, and, acknowledging service of the petition and citation herein, pleads a general denial; wherefore he prays to be hence dismissed, with costs."

Thereafter the civil district court for the parish of Orleans rendered the following judgment:

"*Mitchell and Rammelsburg Furniture Company* vs. *Sampson Brothers.*

"This cause came up this day for trial. Present, W. S. Benedict, for plaintiff, Meyer Gutheim, *curator ad hoc*, for defendants. Herein, after hearing pleadings, evidence, and counsel, the court considering the law and evidence to be in favor of plaintiff, it is ordered that there be judgment in favor of the Mitchell and Rammelsburg Furniture Company, herein represented by Robert Mitchell, liquidator, and against defendants, Sampson Brothers, and against F. G. Sampson and Chandler Sampson, the members of said firm, *in solido*, reviving the original judgment herein rendered on the 1st, and signed on the 6th, of March, 1875; and, in accordance therewith, that the plaintiff do have and recover from defendants, *in solido*, the sum of seven thousand

seven hundred and seventy-eight dollars, ($7,778.00,) with eight per cent (8 %) interest per annum from the 1st of January, 1875, until paid, and all costs of suit.  Judgment rendered March 24, 1885; judgment signed March 30, 1885.

[Signed]                    "N. H. RIGHTOR, Judge."

On December 31, 1875, Chandler Sampson and Frank G. Sampson, both of the city of New Orleans, parish of Orleans, state of Louisiana, executed, by public act before a notary of said city, their joint and several power of attorney to George A. Faunce, a copy of which is made part of these findings.  On or about the 1st day of January, 1875, the commercial firm of Sampson Bros., theretofore doing business in New Orleans, was dissolved by agreement between the partners, Frank G. and Chandler Sampson, and their place of business was closed, the partners themselves leaving the state, and thereafter residing in the state of Florida.

### CONCLUSIONS OF LAW.

Considering the foregoing facts, we are of the opinion that judgment should be for the defendant, dismissing the plaintiff's demand, with costs.  The judgment obtained in the sixth district court of the parish of Orleans, state of Louisiana, against the firm of Sampson Bros. and Frank G. Sampson and Chandler Sampson *in solido*, having been rendered upon an appearance for them by a reputable counsel, was a valid and binding judgment, and so remained under the laws of Louisiana for 10 years following its rendition.  The proceedings of the civil district court in 1885, hereinbefore recited, to revive the said judgment, as provided for by article 3547 of the Civil Code of Louisiana, were of no force and effect against the defendant Frank G. Sampson, because no legal citation was issued and served upon him, nor upon any legal representative of his, as required by the law of Louisiana.  On the dissolution of the firm of Sampson Bros., the closing of their business place, and the removal of the partners from the state, the said firm ceased to exist, and the citation issued and directed to the firm of Sampson Bros., and the appointment of a *curator ad hoc* for said Sampson Bros., if of any effect, had no binding force upon the individuals who had formerly composed the said firm.  *Gaiennie* v. *Akin's Ex'r*, 17 La. 42; *Hefferman* v. *Brenham*, 1 La. Ann. 146; *McCloskey* v. *Wingfield*, 29 La. Ann. 141.

It is therefore ordered, adjudged, and decreed that the plaintiff, the Mitchell & Rammelsburg Furniture Company, take nothing by this suit; and that the defendant, Frank G. Sampson, do recover of the said plaintiff the costs herein to be taxed.