**ARMSTRONG v. BALDWIN.**

No. 5593.

Court of Appeal of Louisiana. Second Circuit.

March 8, 1938.

Rehearing Denied April 11, 1938.

E. B. Moore, of Winnsboro, for appellant.

Berry & Berry, of Winnsboro, for appellee.

DREW, Judge.

·Plaintiff instituted this suit to recover the sum of $720, with 5 per cent. per annum interest thereon from judicial demand until paid. He alleged that he was. employed by defendant from April 15, 1932, to June 15, 1933, to perform work in connection with defendant's wholesale gasoline plant, and that the agreed salary was $60 per month; that on November 19, 1935, a payment of $60 was made on said salary by defendant, and that on December 17, 1935, another payment of $60 was made, leaving a balance due on said account of $720, or $60 per month for twelve months. He alleged amicable demand in vain and prayed for judgment in accordance with the allegations of the petition.

Defendant in answer denied each and every allegation of the plaintiff's petition. He further alleged that he employed plaintiff on or about July 15, 1933, and that the employment lasted until October in the year 1935, for which services he paid plaintiff in full.

In· the alternative, defendant specially pleaded the prescription of one and three years to plaintiff's claim.

The lower court rendered judgment for plaintiff in the sum of $600, with 5 per cent. per annum interest thereon from July 13, 1936, until paid, and for costs. From this judgment defendant has perfected this appeal.

Defendant's first defense is that plaintiff was not in his employ during the period of time he is suing for ·his salary. He admits he worked for him and assisted him in many ways, but contends it was done for accommodation. The evidence conclusively shows that plaintiff was in his employ during that particular time, and the action of defendant in paying him $60 on November 19, 1935, and $60 on December 17, 1935, and noting on the face of each check what it was for, to wit, on the first check, "salary

April 15, 1932 to May 15, 1932," and on the second check, "for wages May 15, 1932 to June 15, 1932," conclusively destroys the defense that plaintiff was not in his employ at that time. We will take up no more time in discussing this defense.

■ We will now discuss the pleas of prescription which are reurged here. The salary claimed is for the months beginning April 15, 1932, and ending June 15, 1933. This suit was filed on July 13, 1936, which was more than three years after the last monthly salary was due. The testimony as to the kind of work performed by plaintiff is meager. Our conclusion on this point is that he drove or operated defendant's truck in hauling gasoline from Monroe to defendant's place of business and in delivering gasoline to his customers and in unloading or assisting in unloading gasoline from tank cars.

We are of the opinion that article 3534 of the Revised Civil Code, which provides that the prescription of one year applies to actions of workmen, laborers, and servants for the payment of their wages, is applicable here. This being true, the monthly salary or wages sued for by plaintiff were prescribed one year after each due date of each month's salary or wages, the last of which was due June 15, 1933. Therefore, all monthly payments were prescribed on June 15, 1934.

We gather from plaintiff's brief that the lower court decided the case on the theory that the three-year prescription applicable to actions by clerks for salaries, as provided by article 3538 of the Revised Civil Code, was applicable to this case and found that the two payments of $60 each, made on November 15, and December 17, 1935, respectively, interrupted the running of the three-year prescription. The two above-stated payments did not have that effect. These payments were made by checks and specifically stated what they were given for.

■ The November check bears the following notation in the lower left-hand corner: "Salary April 15, 1932 to May 15, 1932." The December check bears the notation on its face, "for wages May 15, 1932 to June 15, 1932." These checks were accepted by plaintiff, endorsed by him and cashed. They show clearly for what they were drawn. Plaintiff was employed by the month and his wage or salary was due at the end of each monthly period. The payment of the two particular months' wages or salaries does not acknowledge that any other month's salary or wage was due or owing and does not interrupt the running of prescription against the salary or wages due for the months following. Defendant had the right in law to impute the payments to any particular month he wished, Revised Civil Code, art. 2163, and he did exercise that right. Therefore, if the three-year prescription is applicable, more than three years passed from the time the last month's salary or wage was due until the filing of the present suit; and whether one or three-year prescription is applicable makes no difference. The action is barred by the three-year prescription if it was applicable, unless there was an interruption other than that claimed by the payment of the two months' salary or wages by the two checks.

From July 15, 1933, until October, 1935, plaintiff was in the employ of defendant. His wages at the beginning of that period were $60 per month. At the end of the period it was $90 per month. This period of employment is admitted by defendant, and plaintiff admits he was paid in full for his services during that period of time, and was also at the termination of the period of employment paid other money which he had loaned to defendant. However, he contends at that time defendant promised to pay him at the rate of $60 per month for the next fourteen months, to take care of the amount due him for the period he worked for defendant and was not paid, to wit, April 15, 1932, to June 15, 1933. There is no denial by defendant that he made this promise. Plaintiff urges this oral promise as another interruption of prescription and that the payment of the two $60 checks, one in November and the other in December, immediately following October when the promise was made, was in furtherance of, and in compliance with, said promise. If the three-year prescription were applicable here under the authority of Bennett-Brewer Hardware Company v. Wakeman, 160 La. 407, 107 So. 286, the verbal acknowledgment and promise to pay made by defendant in October, 1935, would have interrupted it, but, as before stated, we are of the opinion the three-year prescription is not applicable to this case and that it is governed by the prescription of one year.

■ The remaining question, therefore, is, Did the verbal acknowledgment of the debt sued for and the promise to pay it made by defendant in October, 1935, more than two years after prescription had accrued, have the effect of reviving it? We

are of the opinion it did. We know of no law which prohibits the renunciation of prescription by the debtor by verbal acknowledgment and promise to pay of a prescribed debt when the debt or obligation is not evidenced by writing. Article 2278 of the Revised Civil Code has no application to debts of this kind. Such a promise revives the debt. Furthermore, it is certain that a debtor who is only discharged by the prescriptive period is still bound in the forum of conscience, and a natural obligation still exists, Revised Civil Code, art. 1758; and a natural obligation is a sufficient consideration for a new contract, Revised Civil Code, art. 1759.

We are of the opinion the pleas of prescription filed herein are without merit and were properly overruled.

For reasons unexplained, the lower court rendered judgment for plaintiff in the sum of $600, when it should have been for $720. Plaintiff was entitled to twelve months' salary at $60 per month. There has been no appeal or answer to the appeal by plaintiff, and we are therefore without power to increase the judgment. It is therefore affirmed, with costs.