**34 So.2d 382**

**WASHINGTON v. PALMER.**
No. 38402.

Jan. 12, 1948.

Rehearing Denied Feb. 16, 1948.

Fred L. Jackson, of Homer, for applicant.

Meadors, Shaw & Meadors, of Homer, for plaintiff-respondent.

BOND, Justice.

The plaintiff in this suit asserts title to an undivided one-half interest in a tract of land which at one time belonged to the community of acquets and gains existing between her and her husband and which was adjudicated to the defendant under a writ of seizure and sale.

On June 30, 1924, a money judgment was obtained against the plaintiff's husband, Almer L. Washington, the head and master of the community of acquets and gains then existing between them. In 1931, Almer L. Washington was divorced from his wife, the plaintiff. There was no liquidation or settlement of the community property. In 1934, the defendant, the assignee of the judgment obtained in 1924, filed suit for its revival, citing only the plaintiff's former husband, the sole defendant under the 1924 judgment, and the land involved was seized and sold to the defendant. In the execution proceedings a writ of fieri facias was issued against Almer L. Washington, and service was made upon him alone. In 1944, Almer L. Washington died, and shortly thereafter plaintiff sued the defendant, alleging ownership in indivision of one-half of the property adjudicated to him under the writ of seizure and sale, and praying for a partition thereof.

There was a judgment in the lower court recognizing the plaintiff as the owner of a one-half interest in the land. This judgment was affirmed by the Court of Appeal. 28 So.2d 509. We granted a writ of certiorari on the application of the defendant, and the case is now before us for review.

The plaintiff contends that when the community was dissolved by divorce she and her husband became owners in indivision of the property, and since she was not made a party to the suit for revival of the judgment, or to any of the execution proceedings, the sheriff's sale did not convey her interest in the property but transferred title only to the undivided one-half which was owned by her former husband upon the dissolution of the community.

The question presented herein is whether, after divorce, a wife is a necessary party to a suit to revive a judgment against the community and to an execution sale of community property under the revival judgment. For the reasons which follow, our

conclusion is that the wife is not a necessary party to the revival suit or the execution proceedings.

█ An analysis of the jurisprudence establishing the rule that the creditor of a community dissolved by the wife's death may execute on community property by proceeding against the husband alone shows that the reason for the rule is that the husband is personally liable for community debts while the heirs of the wife are only contingently liable and may relieve themselves from personal liability by renouncing her succession or accepting it with benefit of inventory. Verrier v. Loris, 48 La.Ann. 717, 19 So. 677, and Landreaux v. Louque, 43 La.Ann. 234, 9 So. 32. This same situation obtains in the case of a community dissolved by divorce: the husband is personally liable for community debts, while the wife may renounce the community or accept it under benefit of inventory. Therefore, there is the same reason for the existence of a "fictitious community" after a divorce insofar as a proceeding by a community creditor is concerned. This view is not in conflict with the cases cited in the opinion of the Court of Appeal herein (28 So.2d 509) to the effect that after divorce the wife, as a joint owner, may sue her husband for a partition of the community property without alleging or proving the liquidation of the community. Giglio v. Giglio, 159 La. 46, 105 So. 95; Rhodes v. Rhodes, 190 La. 370, 182 So. 541; In re F. H. Koretke Brass & Mfg. Co. Ltd., 195 La.

415, 196 So. 917; Butler v. Bolinger, et al., 16 La.App. 397, 133 So. 778, 779, 782. It will be noted that there is a parallel line of cases involving the community dissolved by the wife's death, which relate to the rights of the heirs of the wife, as joint owners of community property with the husband, but do not involve the rights of community creditors. Murphy's Heirs v. Jurey, 39 La.Ann. 785, 2 So. 575; Glassock v. Clark, 33 La.Ann. 584; Tugwell v. Tugwell, 32 La.Ann. 848. Likewise, in the aforementioned cases cited by the Court of Appeal concerning the community dissolved by divorce, the rights of community creditors were not involved. Those cases involved the rights of a wife against her divorced husband. In the instant case, the plaintiff is not suing her husband but the purchaser at a judicial sale in execution of a community debt. After divorce, plaintiff did not exert her right against her husband to have the community partitioned or liquidated, but allowed it to remain as a whole in her husband's possession. Thus unliquidated, it retained a fictitious existence for the purpose of the execution of a community debt, with the husband as the only necessary party to the proceeding.

█ Finding no reason to distinguish the rights of a creditor of a community dissolved by divorce from those of a creditor of a community dissolved by death, we follow the established jurisprudence and hold that the execution sale of the community property in the instant case operated

against the plaintiff's interest in the property although only her husband was made a party.

■ Furthermore, citing the plaintiff's husband, the sole party defendant in the original judgment, was the proper procedure to revive the original judgment under Article 3547, Civil Code. That article clearly requires only the party defendant in the original judgment to be cited in the revival suit. A proceeding to revive a judgment is not a new suit but simply a proceeding in the same suit to continue and keep alive a judgment therein rendered. The fact that the plaintiff and her husband were divorced after the original judgment could not have the effect of adding her as an additional defendant to the revival suit.

For the reasons assigned, the judgment of the lower court is reversed and set aside and plaintiff's suit is dismissed at her costs.