REDMANN, Judge.
A now-separated wife appeals the dismissal on exceptions of her petition to annul a $30,865.53 default judgment obtained against her husband by his mother.
The mother’s suit was filed, and judgment obtained, while the separation action was pending.
The wife’s nullity petition alleged the husband’s failure to plead prescription as to part of the debt and, on information and belief, lack of consideration for the notes sued on by the mother.
The trial judge, noting that the judgment of separation is effective retroactively to the date of filing the action, C.C. art. 155,[1] orally reasoned that neither service upon nor judgment against the husband in the interim should affect the wife.
This approach to the problem finds some seeming support in Gastauer v. Gastauer, 143 La. 749, 79 So. 326 (1918), where (1) costs of the separation action cast against the husband in the judgment, were held not chargeable to the community because of the judgment’s retroactivity, and (2) “In like manner” another judgment against the husband while the separation suit pended was held a “separate” debt. But we are unable to reconcile the trial judge’s approach with Washington v. Palmer, 213 La. 79, 34 So.2d 382 (1948), which held service upon a divorced husband alone in a suit to revive a money judgment (and the judgment reviving it) effective against the divorced wife to divest her (by sale under fi. fa.) of her half interest in the former community property.
We conclude that the wife is not obliged by C.C. art. 155 to await an attempt at execution against community property, but *585 may seek to annul, insofar as it might affect herself, the judgment rendered against her husband.
The judgment is reversed and the exceptions overruled.

. “The judgment of separation from bed and board carries with it the separation of goods and effects and is retroactive to the date on which the petition for same was filed, but such retroactive effect shall be without prejudice (a) to the liability of the community for the attorneys’ fees and costs incurred by the wife in the action in which the judgment is rendered, or (b) to rights validly acquired in the interim between commencement of the action and rec-ordation of the judgment. * * * ”