496 So.2d 506 (1986)
Karnail Kaur SINGH
v.
Zorawar SINGH and Jarnail Singh.
No. 85 CA 0790.
Court of Appeal of Louisiana, First Circuit.
October 15, 1986.
Donna W. Lee, Baton Rouge, for plaintiff-appellant Karnail Kaur Singh.
Chester Boyd, Baton Rouge, for defendant-appellee Jarnail Singh.
Stephen McCollister, Baton Rouge, for defendant-appellee Zorawar Singh.
Before SAVOIE, CRAIN and JOHN S. COVINGTON, JJ.
SAVOIE, Judge.
Plaintiff, Karnail Kaur Singh (hereinafter referred to as Mrs. Singh), appeals the trial court's ruling that the community of acquets and gains formerly existing between she and defendant, Zorawar Singh (hereinafter referred to as Dr. Singh) was indebted unto defendant, Jarnail Singh.
On or about November 1, 1947, Dr. Singh entered into a contract with his brother, Jarnail Singh (hereinafter referred to as Jarnail) for the performance of Jarnail's services on a farm owned by Dr. and Mrs. Singh. Pursuant to that contract, Dr. Singh agreed to pay Jarnail $1,000.00 per month and sponsor him in his process of immigration from India to the United States in return for Jarnail's maintenance *507 of the farm's equipment and performance of all possible farm operations. In December, 1978, Mrs. Singh abandoned the matrimonial domicile, thereafter seeking a separation which was granted on July 12, 1979. Thereafter, Jarnail filed suit against Dr. Singh to recover the unpaid wages allegedly owed him as a result of their contract. Mrs. Singh was never served with this suit. Dr. Singh failed to answer same and a default judgment was eventually rendered against him for the sum of $48,000.00. Subsequently, Dr. Singh filed for divorce and was granted same on January 27, 1981. On May 26, 1981, Mrs. Singh filed suit for partition of the community property, requesting therein an accounting of the income earned by the community and a judgment decreeing that Jarnail's judgment against Dr. Singh unenforceable as to her undivided one-half interest in the community of acquets and gains.
Pursuant to motion and stipulation by counsel, trial was limited to the issue of the judgment's enforceability against the community of acquets and gains. After trial on the merits, judgment was rendered in favor of Dr. Singh, upholding Jarnail's judgment against the community subject to certain applicable credits. Mrs. Singh appeals, contending that the trial court erred in:
1. Holding the community liable for the default judgment taken against Dr. Singh by Jarnail;
2. Holding Mrs. Singh's interest in the community responsible for a judgment rendered against Dr. Singh in a suit in which she was not named, served, notified, or represented;
3. Failing to find that Dr. Singh breached his fiduciary responsibility to Mrs. Singh; and
4. Failing to find that the inaction of Dr. Singh in Jarnail's suit was a commission of fraud on his part in attempting to better his own position in the partition of the community property and in failing to assert the defenses the community had because of payments made to the brother by Dr. Singh.
In essence, Mrs. Singh contends that Jarnail's judgment was acquired through fraud or a breach of Dr. Singh's duty and that as such, her one-half undivided interest in the community of acquets and gains should not be taxed for any portion of said judgment. Such issues are questions of fact.
It is well settled that the trial court's findings of fact are entitled to great weight and will not be disturbed on appeal absent manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Although not specifically complained of, Mrs. Singh asserts that there was no contract between the community and Jarnail. As such, our initial determination must be whether a contract of employment existed between the community and Jarnail such that liability would arise for the nonperformance thereof.
Prior to enactment of LSA-C.C. art. 2360 (effective January 1, 1980), the Code provided that the husband was the head and master of the community of acquets and gains with the power to administer all of its effects. LSA-C.C. art. 2404 (repealed effective January 1, 1980). Moreover, LSA-C.C. Art. 2403 (repealed effective January 1, 1980) provided that:
In the same manner, the debts contracted during the marriage enter into the partnership or community of gains, and must be acquitted out of the common fund, whilst the debts of both husband and wife, anterior to the marriage, must be acquitted out of their own personal and individual effects.
In the matter sub judice, the record reflects that Dr. Singh and Jarnail reached an oral agreement in which Dr. Singh was to sponsor Jarnail's immigration to the United States in return for his managing of the community's farm together with a salary of $1,000.00 per month. The record reflects said oral agreement was later reduced to writing sometime after Jarnail's arrival in the United States. While Mrs. Singh testified that she was unaware of any contractual obligations between the community and Jarnail, the record is replete *508 with evidence that Jarnail managed the farm during the period 1974 through 1978; that Mrs. Singh saw Jarnel performing such labors; and that the community regime benefited therefrom. Based thereon, we find, as did the trial court, that Dr. Singh contracted for the community to employ Jarnail's services and that the community is liable under the terms thereof. Accordingly, any suit filed to enforce the terms of said contract would properly be against the community.
We next consider whether Jarnail's failure to notice Mrs. Singh in said suit renders the judgment defective. LSA-C.C.P. art. 735 prior to its amendment in 1980, provided that the husband was the proper defendant in an action to enforce an obligation against the marital community.
In the instant matter, the record reflects that Jarnail filed suit against Dr. Singh for enforcement of the contractual obligation. As per statute and interpretation thereof, Mrs. Singh need not have been served. See Washington v. Palmer, 213 La. 79, 34 So.2d 382 (1948). Based thereon, we find that Mrs. Singh's assignment of error as to her non-service of suit is without merit.
The remaining issue is whether Dr. Singh breached his duty to the community or fraudently aided Jarnail in securing a judgment against the community. Specifically, Mrs. Singh asserts that Dr. Singh's failure to assert that certain payments had been made to Jarnail and his failure to urge prescription as to some of the debt evidences such breach or intent.
Herein, the record indicates that Dr. Singh made at least partial payments to Jarnail, both prior to and after the filing of suit. The record also indicates that both Dr. Singh and Jarnail knew, understood, and agreed that any payments made would be setoffs in the final accounting between them. We find, as did the trial court, that Dr. Singh's failure to assert those amounts previously paid as setoffs where clearly understood that said sums would be finally accounted for is neither a breach of his fiduciary responsibility or evidence of fraud.
LSA-C.C. art. 3534 (vacated and reenacted effective January 1, 1984, see now Article 3494) provided at the time pertinent hereto that:
The following actions are prescribed by one year:
* * * * * *
That of workmen, laborers and servants, for the payment of their wages.
In the instant case, Jarnail did not file suit to recover his wages until November, 1979. The record indicates that wages were sought from the period 1974 through 1978. Based thereon, it is clear that at least some of the wages sought may well have been prescribed and could have been urged on the hearing of same.
Nevertheless, the record indicates that Dr. Singh believed that Jarnail's judgment reflected what was truly owed less those payments made. While not specifically asserted, it appears from the record that Dr. Singh felt a natural obligation to pay Jarnail what was due. LSA-C.C. art. 1757(2.) (amended and reenacted effective January 1, 1985, see now Article 1760) provided that a natural obligation is one which could not be enforced by legal action but which was binding on the party making it in conscience and according to natural justice. The instant case is a perfect example of such type obligation. See LSA-C.C. art. 1758(3) (amended and reenacted effective January 1, 1985, see now Article 1762(1)).
As administrator of the community, the record indicates that Dr. Singh's conduct evidenced an acknowledgment of and promise to pay those wages due notwithstanding the community's right to assert prescription of the debt. While not specifically considered by the court below, we find such conduct is ground for revival of the debt. See Armstrong v. Baldwin, 181 So. 72 (La.App.1938). As such, the community is liable therefore. Moreover, we find that Dr. Singh's conduct in honoring a natural obligation in the name of the community was not done fraudulently. Arceneaux *509 v. Domingue, 365 So.2d 1330 (La.1978).
For the above and foregoing reasons, we find plaintiff's assignments of error to be totally without merit. Judgment of the trial court is hereby affirmed. Plaintiff, Karnail Kaur Singh, is to pay all costs.
AFFIRMED.